

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

EXECUTIVE DIVISION

Writer's Direct Dial: (212) 416-6556

December 14, 2022

**Via ECF**

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2203
New York, NY 10007

Re: People of the State of New York v. Arm or Ally, LLC, et. al, No. 22 Civ. 6124 (JMF)

Dear Judge Furman,

On behalf of Plaintiff the People of the State of New York (the "State"), we write to request leave to file in this action the Amended Complaint that was filed in state court in July. A copy of the Amended Complaint is attached as Exhibit A. We have contacted counsel for the various defendants, none of whom has objected.

The application is made in order to clear up a procedural ambiguity that arose during the removal of this case to federal court. The State originally filed its Amended Complaint in the Supreme Court, New York County, on July 14, 2022. The amended pleading was proper as of right under CPLR § 3025(a) because it was made before the period to respond to the original Complaint had expired, and within twenty days after service on defendants Glockstore, Indie Guns, Rainer Arms, and Primary Arms. See People of the State of New York v. Arm or Ally, LLC et al., No. 451972/2022 (Sup. Ct. N.Y. Cty.), Dkt. Nos. 8, 9, 38, 39, 40. Five days later, Plaintiffs filed a notice of removal, including the Amended Complaint, see ECF No. 1 & Ex. D, in keeping with the requirement in 28 U.S.C. § 1446(a) that a notice of removal must contain "a copy of all . . . pleadings."

"Once a notice of removal is filed . . . . the state court loses all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings are . . . absolutely void." Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano, 140 S.Ct. 696, 700 (2020). However, on July 21, 2022, two days after removal, the state court administratively returned the Amended Complaint for correction due to the fact that the revised pleading had fixed the name of one of the defendants in the case caption, from "ROCKSLIDEUSA" to "ROCK SLIDE USA, LLC."

Notice of Document Returned For Correction, Exhibit B.  This meant that the Amended Complaint was not formally submitted on any docket, and the State was unable to fix the issue: it could not correct the document in accordance with the state court's procedures because that court no longer had jurisdiction, nor could it file a pleading in federal court without prejudicing the motion to remand the case.

The proper filing of the Amended Complaint should not alter the conduct of the case, as the parties are in agreement that the Amended Complaint remained the operative pleading in this action.  See, e.g., Joint Letter, ECF No. 30 at 2 (State assertion that "the Amended Complaint should remain the operative pleading"); id. ("Defendants also agree with the State that the Amended Complaint is the operative pleading in this case.").  The Court likewise treated the Amended Complaint as the operative pleading in its recent opinion on the State's motion to remand.  See ECF No. 58.

Although we believe that it is not strictly necessary, for the reasons stated above and out of an abundance of caution, the State asks leave to re-file the Amended Complaint in order to clear up any procedural irregularity.  We thank the Court for its time and consideration of this request.

Respectfully submitted,

James M. Thompson
Special Counsel
james.thompson@ag.ny.gov

Cc:   All counsel of record (via ECF)

Application GRANTED.  The Clerk of Court is directed to terminate ECF No. 66.

SO ORDERED.

December 15, 2022