**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York, | Case No. 22-cv-06124 (JMF) **ORAL ARGUMENT REQUESTED** |
| Plaintiff, | |
| v. | |
| ARM OR ALLY, LLC; BLACKHAWK MANUFACTURING GROUP, INC., A/K/A 80 PERCENT ARMS, INC. OR 80 PERCENT ARMS; SALVO TECHNOLOGIES, INC., A/K/A 80P BUILDER OR 80P FREEDOM CO.; BROWNELLS, INC., A/K/A BROWNELLS OR BOB BROWNELL'S; GS PERFORMANCE, LLC, A/K/A GLOCKSTORE OR GSPC; INDIE GUNS, LLC; KM TACTICAL; PRIMARY ARMS, LLC; RAINIER ARMS, LLC; AND ROCK SLIDE USA, LLC, | |
| Defendants. | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO SEVER**</u>

David H. Thompson*
Brian W. Barnes*
**COOPER & KIRK PLLC**
1523 New Hampshire Ave., NW
Washington, DC 20036
Phone: (202) 220-9600
* Admitted *pro hac vice*

*Attorneys for Defendants Brownells, Inc., a/k/a Brownells or Bob Brownell's, Salvo Technologies, Inc., a/k/a 80p Builder or 80p Freedom Co., Primary Arms, LLC, and Rock Slide USA, LLC*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ...............................................................................................................1

ARGUMENT ......................................................................................................................1

I.      The requirements of joinder under Rule 20 demonstrate that
severance should be ordered. ...............................................................................2

II.     The other factors weigh in favor of ordering severance. ....................................6

CONCLUSION....................................................................................................................8

## **TABLE OF AUTHORITIES**

**Cases**                                                                                     **Page**

*Ardolf v. Weber*, 332 F.R.D. 467 (S.D.N.Y. 2019)........................................................................2

*Cestone v. Gen. Cigar Holdings, Inc.*,
    1:00-cv-03686, 2002 WL 424654 (S.D.N.Y. Mar. 18, 2002)............................................8

*Colonial Funding Network, Inc. v. McNider Marine, LLC*,
    1:17-cv-02644, 2017 WL 5633160 (S.D.N.Y. Nov. 21, 2017) .......................................7

*Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154 (S.D.N.Y. 2009)......................................6

*Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712 (S.D.N.Y. 2011)..............3

*In re Blech Secs. Litig.*, 94-cv-7696, 2003 WL 1610775 (S.D.N.Y. Mar. 26, 2003) ................6, 7

*In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 214 F.R.D. 152 (S.D.N.Y. 2003).........1, 2

*In re Methyl Tertiary Butyl Ether* ("*MTBE*") *Prods. Liab. Litig.*,
    247 F.R.D. 420 (S.D.N.Y. 2007) ...............................................................................7

*J.T. v. de Blasio*, 500 F. Supp. 3d 137 (S.D.N.Y. 2020)......................................................4, 7

*Jem Accessories, Inc. v. JVCKENWOOD USA Corp.*,
    11:20-cv-4984, 2021 WL 706646 (S.D.N.Y. Feb. 22, 2021) .....................................4, 7, 8

*Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552 (S.D.N.Y. 2013)...............................................5

*Kassman v. KPMG LLP*, 925 F. Supp. 2d 453 (S.D.N.Y. 2013)..............................................8

*Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821 (S.D.N.Y. 2008) ...................................2, 6

*Lewis v. Triborough Bridge & Tunnel Auth.*,
    1:97-cv-607, 2000 WL 423517 (S.D.N.Y. April 19, 2000)..............................................2

*Nassau Cnty. Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co.*,
    497 F.2d 1151 (2d Cir. 1974)...................................................................................4

*Next Phase Distrib., Inc. v. John Does 1-27*, 284 F.R.D. 165 (S.D.N.Y. 2012)...........................4

*Pena-Sanchez v. New York City*, 22-cv-4942, 2022 WL 2954367 (S.D.N.Y. July 26, 2022).....2, 5

*Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122 (S.D.N.Y. 2003) ....................................2, 3, 4 5, 6

*Peterson v. Regina*, 935 F. Supp. 2d 628 (S.D.N.Y. 2013) .............................................4, 5

*Ricciuti v. N.Y.C. Transit Auth.*, 796 F. Supp. 84 (S.D.N.Y. 1992)........................................2

*Rodriguez v. Winski*, 973 F. Supp. 2d 411 (S.D.N.Y. 2013) ...............................................5

*Saleh v. Digit. Realty Tr., Inc.*, 21-cv-9005, 2022 WL 3139733 (S.D.N.Y. Aug. 5, 2022) ...........2

*Tardd v. Brookhaven Nat'l Lab'y*, 04-cv-3262, 2007 WL 1423642 (E.D.N.Y. May 8, 2007) .......7

*U.S. ex rel. Doe v. Taconic Hills Cent. Sch. Dist.*, 8 F. Supp. 3d 339 (S.D.N.Y. 2014).........4, 5, 6

*Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248 (S.D.N.Y. 2001)...............................1

*Webb v. Maldonado*, 3:13-cv-144, 2013 WL 3243135 (D. Conn. June 26, 2013)....................5, 6

## Rules

FED. R. CIV. P. 21 ................................................................................................................1

FED. R. CIV. P. 20(a)(2) ....................................................................................................2, 3, 4

## Other Authorities

7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER,
      FEDERAL PRACTICE AND PROCEDURE § 1653 (3d ed.) .......................................................4

## INTRODUCTION

The State joined together in this lawsuit ten distinct Defendants for alleged violations of Federal and New York law. As Defendants' motions to dismiss explain, these allegations must be dismissed as a matter of law. To the extent this Court allows any claims to proceed, undersigned Defendants[1] file this joint motion under Federal Rules of Civil Procedure 20 and 21 to sever the surviving claims against each individual Defendant, such that all additional proceedings against each individual Defendant proceeds on a separate basis going forward. *Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001) ("[S]evered claims become entirely independent actions to be tried, and judgment entered thereon, independently.").

Severance is appropriate because there is no basis for joinder under Rule 20: the State has no viable claim for joint and several liability, and the factual predicates underlying the State's claims against each Defendant are all different. Moreover, these separate transactions necessarily call for different witnesses and different evidence applicable to different Defendants. To continue these joint proceedings would lead to a substantial risk of prejudice to individual Defendants, while at the same time serving to make the judicial process *less* economical and *less* efficient. Accordingly, this Court should exercise its discretion to sever the claims against Defendants so that these cases may proceed independently towards efficient, yet more equitable, dispositions.

## ARGUMENT

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. "The caselaw of this Circuit has established that Rule 21 permits a court to add or drop parties to an action when doing so would serve the ends of justice and further the prompt and efficient

---

[1] Defendants Primary Arms, Brownells, Salvo, and Rock Slide join this motion.

1

disposition of the litigation." *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 214 F.R.D. 152, 154 (S.D.N.Y. 2003) (internal quotation marks omitted). To guide its exercise of discretion to sever, this Court begins by considering whether the suit fails to satisfy either of the "two requirements" for joinder under Rule 20—namely (1) whether defendants are jointly and severally liable under the claims asserted by the State, or whether the claims arise out of the same transaction or occurrence, and (2) whether there is a common question of law or fact that will arise in the litigation. *Saleh v. Digit. Realty Tr., Inc.*, 21-cv-9005, 2022 WL 3139733, at *6 (S.D.N.Y. Aug. 5, 2022); *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 127 (S.D.N.Y. 2003). Then, the Court may consider "additional factors, including [3] whether severance will serve judicial economy; [4] whether prejudice to the parties would be caused by severance; and [5] whether the claims involve different witnesses and evidence." *Pena-Sanchez v. New York City*, 22-cv-4942, 2022 WL 2954367, at *2 (S.D.N.Y. July 26, 2022) (quoting *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008)). Importantly, "[s]everance requires the presence of *only one* of these conditions." *Saleh*, 2022 WL 3139733, at *6 (quoting *Lewis v. Triborough Bridge & Tunnel Auth.*, 1:97-cv-607, 2000 WL 423517, at * 2 (S.D.N.Y. April 19, 2000)) (emphasis added); *see also Ricciuti v. N.Y.C. Transit Auth.*, 796 F. Supp. 84, 86 (S.D.N.Y. 1992). Even if parties are otherwise properly joined, the Court "has discretion to drop a party" or claim "for any just reason." *Ardolf v. Weber*, 332 F.R.D. 467, 479 (S.D.N.Y. 2019).

## I.    The requirements of joinder under Rule 20 demonstrate that severance should be ordered.

Since this Court's severance analysis begins with whether joinder remains proper, it must start with the text of Rule 20. And Rule 20 is clear: even if there is a common question of law or fact, joinder is *only* permissible if the State also demonstrates that either (1) "any right to relief is asserted against [Defendants] jointly, severally," or, alternatively, (2) the right to relief is "with

respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2); *Pergo*, 262 F. Supp. 2d at 127. The State has not demonstrated that either prerequisite for joinder is applicable to this case, thus severance is appropriate. *Pergo*, 262 F. Supp. 2d at 127.[2]

First, the State lacks a basis to impose joint and several liability. The State only seeks joint and several liability for two claims against all Defendants: Counts 4 and 5 of the Amended Complaint, which are the "public nuisance" claims. Am. Compl. at 96 (Dec. 22, 2022), ECF No. 72. As the various motions to dismiss explain, Counts 4 and 5 must be dismissed for both constitutional reasons, including federal preemption, and because the State has failed to adequately plead a plausible claim for relief on both Counts. And even if these public nuisance claims are otherwise allowed to proceed, under longstanding principles of New York law, the State has not adequately alleged a basis to impose joint and several liability for these claims. *See* Brownells Mot. to Dismiss at 55–59 (Jan. 16, 2023). Without any basis for imposing joint and several liability, severance is appropriate. *Pergo*, 262 F. Supp. 2d at 128; *Erausquin*, 806 F. Supp. 2d at 722 n.6 (granting severance because "it is far from clear that joint and several liability is available").

Second, lacking any basis to establish "joint and several liability" on Counts 4 and 5, the State has also failed to make allegations that its claims against the Defendants are "with respect to or aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2). The central inquiry here is "whether the essential facts of the various claims

---

[2] Undersigned Defendants acknowledge there are common questions of law underlying the various motions to dismiss. Yet "this Court [is not] required to deny Defendants' severance motion merely because there exist some common question of law and fact. The Court of Appeals *has never required* claims to be litigated together on that basis alone." *Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712, 722 (S.D.N.Y. 2011) (emphasis added). Joinder does not turn on common questions alone.

are *so logically connected* that considerations of judicial economy and fairness dictate that all issues be resolved in one lawsuit." *Peterson v. Regina*, 935 F. Supp. 2d 628, 637 (S.D.N.Y. 2013) (internal quotation marks omitted) (emphasis added). But here nothing is logically connected between the essential facts of the claims against the various Defendants.

The Second Circuit has squarely held that mere allegations that multiple defendants "use the same method to violate the law . . . does not authorize them to be joined as defendants in a single lawsuit." *Nassau Cnty. Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974); *J.T. v. de Blasio*, 500 F. Supp. 3d 137, 175 (S.D.N.Y. 2020); *Next Phase Distrib., Inc. v. John Does 1-27*, 284 F.R.D. 165, 169 (S.D.N.Y. 2012); *Jem Accessories, Inc. v. JVCKENWOOD USA Corp.*, 11:20-cv-4984, 2021 WL 706646, at *3 (S.D.N.Y. Feb. 22, 2021); *see also* 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1653 (3d ed.) ("More generally, it has been held that joinder will not be allowed based solely on the assertion that the defendants committed the same type of violations in the same way."). Instead, to be "logically connected" for purposes of Rule 20, the State's allegations must demonstrate that the claims "asserted against each [D]efendant share an aggregate of operative facts." *Jem Accessories*, 2021 WL 706646, at *2–*3.

There is no aggregate of operative alleged facts here; instead, this case is full of distinct, disaggregated facts. Each Defendant produces and sells different products, as the Amended Complaint concedes. Yet when "each Defendant" is alleged to have sold its "own" products to its "own" customers, joinder is improper. *U.S. ex rel. Doe v. Taconic Hills Cent. Sch. Dist.*, 8 F. Supp. 3d 339, 344 (S.D.N.Y. 2014). Similarities among Defendants' products do not provide a proper basis for joinder. *Pergo*, 262 F. Supp. 2d at 128 ("[T]he fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent

4

owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit."). Further, each Defendant allegedly sold these different products at different times, as the Amended Complaint concedes. But when a plaintiff's allegations are of unrelated transactions made by different Defendants at different times in different places, joinder remains improper. *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013); *cf. Saleh*, 2022 WL 3139733, at *8 (holding no basis for joinder "where plaintiffs bring different claims naming different perpetrators situated in different offices occurring during different time periods").

The distinct facts continue. For instance, each Defendant allegedly made different representations about the products it sells, as the Amended Complaint concedes when it deigns to include specific statements attributable to individual Defendants. But, at most, these are allegations that Defendants "merely committed the same type of violation in the same way," which, as noted above, is not a proper basis for joinder. *Doe*, 8 F. Supp. 3d at 344 (quoting *Peterson*, 935 F. Supp. 2d at 638). And there are no allegations that each Defendant employs the same internal processes, sales policies, practices, or compliance programs. Nor is there any allegation of any kind of coordinated or collusive conduct amongst the Defendants. With no allegations of a "unifying scheme," severance is appropriate. *Rodriguez v. Winski*, 973 F. Supp. 2d 411, 430 (S.D.N.Y. 2013); *Peterson*, 935 F. Supp. 2d at 638 ("In the absence of a connection between Defendants' alleged misconduct, the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).").

At bottom, "unrelated claims against different defendants belong in different suits." *Pena-Sanchez*, 2022 WL 2954367, at *2 (quoting *Webb v. Maldonado*, 3:13-cv-144, 2013 WL 3243135, at *3 (D. Conn. June 26, 2013)). Since joinder is not proper, this Court must order severance. *Doe*, 8 F. Supp. 3d at 344; *Pergo*, 262 F. Supp. 2d at 128.

**II.    The other factors weigh in favor of ordering severance.**

Regardless of whether joinder is otherwise proper, this Court should still exercise its discretion to sever the claims against Defendants. The claims against Defendants will rely on significantly different evidence, such that judicial economy will not be advanced by keeping these claims together, and the risk of prejudice to Defendants is substantial.

Because Defendants allegedly sold different products to different consumers at different times and in different places while making different representations about those products, the State's claims against each Defendant will necessarily "involve different witnesses and evidence." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 171 (S.D.N.Y. 2009) (quoting *Kehr*, 596 F. Supp. 2d at 826). In order for continued joinder to be appropriate, there must be a "*substantial* overlap of witnesses or documentary proof." *Deskovic*, 673 F. Supp. 2d at 171 (quoting *In re Blech Secs. Litig.*, 94-cv-7696, 2003 WL 1610775, at *13 (S.D.N.Y. Mar. 26, 2003)). But when "there will be little to no shared testimony and documentary evidence," severance is appropriate. *Deskovic*, 673 F. Supp. 2d at 171.

Here there will be very little overlapping evidence, certainly far short of any "substantial" amount needed to justify keeping these cases joined. *Id.* This case thus stands apart from others where the overlapping evidence provides for judicial economy. For instance, in *Kehr*, the district court held that joinder facilitated "judicial economy and efficiency" because it was "anticipated that much of the discovery and depositions [would] be identical." 596 F. Supp. 2d at 828. But that is contrary to how any discovery would likely proceed in this case, where different Defendants' witnesses would be deposed, and different Defendants' documentary materials would be produced regarding different products, different sales, and different representations. "There are no litigation economies to be gained from trying what are in essence" ten distinct and "different cases together,

6

because each of the [Defendants] is likely to have some individual defense to assert" and each one's liability "will have to be proved separately and independently." *J.T.*, 500 F. Supp. 3d at 176. Moreover, since severance would result in any surviving claims still being in front of this Court, severance will not detract from judicial resources; this Court's rulings on any common questions of law will "ensure[] consistency in the decisions" across actions and would "facilitate[] resolution of the disputes." *In re Methyl Tertiary Butyl Ether* ("*MTBE*") *Prods. Liab. Litig.*, 247 F.R.D. 420, 425 (S.D.N.Y. 2007).

As the State's attempts at improper group pleading in the Amended Complaint already previews, there is a substantial risk of prejudice if this Court declines to sever the claims against Defendants. To the extent that the State seeks to prove its claims as it "ha[s] pleaded them— painting with a broad brush and relying on the similarity of transactions rather than individualized proof—severance will avoid prejudice and possible jury confusion." *Colonial Funding Network, Inc. v. McNider Marine, LLC*, 1:17-cv-02644, 2017 WL 5633160, at *6 (S.D.N.Y. Nov. 21, 2017); *accord Jem Accessories*, 2021 WL706646, at *5. After all, "[w]hen many defendants are tried together in a complex case" and they may "have significantly different levels of culpability, the risk of prejudice is heightened." *In re Blech Secs. Litig.*, 2003 WL 1610775, at *14. Without careful delineation of what evidence is applicable (and admissible) against whom, there is a substantial risk of "guilt by association" and "spillover." *Id*. And, at any trial, the Court would need to "repeatedly" rule on the "appropriate use of evidence as it relates to . . . each [D]efendant." *Tardd v. Brookhaven Nat'l Lab'y*, 04-cv-3262, 2007 WL 1423642, at *11 (E.D.N.Y. May 8, 2007). In this way, severance would increase judicial efficiency and conserve judicial resources because "separate," "shorter trials will be more efficient and less expensive than one long, combined trial in which the Court must constantly" rule on what evidence "is irrelevant or inadmissible against a

particular Defendant." *Cestone v. Gen. Cigar Holdings, Inc.*, 1:00-cv-03686, 2002 WL 424654, at *3 (S.D.N.Y. Mar. 18, 2002); *see also Jem Accessories*, 2021 WL 706646, at *5 ("Severance of the claims . . . would only reduce the potential for prejudice that could arise from confusion of the factual issues and legal claims made by the plaintiffs." (internal quotation marks omitted)). Severance obviates the need for those particular evidentiary rulings as well as the substantial potential for prejudice.[3]

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to sever the claims against them, so that any surviving claims against individual Defendants become entirely independent actions to be tried, and judgment entered thereon, independently.

---

[3] If the Court denies this motion to sever, Defendants respectfully request that this Court do so *without* prejudice because the fruits of discovery may provide "a basis to revisit the question of joinder." *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 478 (S.D.N.Y. 2013) (Furman, J.,). In addition to pursuing severance under Rule 21, Defendants also reserve the right at a later date to seek separate trials, if any prove necessary, under Rule 42.

Dated: January 16, 2023

Respectfully Submitted,

/s/ David H. Thompson
**COOPER & KIRK PLLC**
David H. Thompson*
Brian W. Barnes*
1523 New Hampshire Ave., NW
Washington, DC 20036
Phone: (202) 220-9600
dthompson@cooperkirk.com
bbarnes@cooperkirk.com
* Admitted *pro hac vice*

*Attorneys for Defendants Brownells, Inc., a/k/a*
*Brownells or Bob Brownell's; Salvo Technologies,*
*Inc., a/k/a 80P Builder or 80P Freedom Co.;*
*Primary Arms, LLC; and Rock Slide USA, LLC.*