# Cooper & Kirk

Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

David H. Thompson
(202) 220-9659
dthompson@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

January 18, 2022

**VIA ECF**
The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2203
New York, New York 10007

  Re: *State of New York v. Arm or Ally, LLC, et al.*, No. 1:22-cv-6124 (JMF)

Dear Judge Furman:

  Pursuant to Local Rule 37.2 and Rule 3.E of the Court's Individual Rules, and the Court's Order dated January 10, 2023 (ECF No. 75), Defendants respectfully move to stay discovery pending resolution of their motions to dismiss the State's Amended Complaint (*see* ECF Nos. 89, 92, 93, 95, 97, 103, 105, 106, 107, and 110).

  "'[U]pon a showing of good cause a district court has considerable discretion to stay discovery' pursuant to Fed. R. Civ. P. 26(c)." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 1:09-cv-05874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009)). A pending motion to dismiss may constitute "good cause." *Id.* To determine whether to stay discovery pending adjudication of a motion to dismiss, courts must consider: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Id.* (cleaned up).

  All three factors weigh in favor of a stay of discovery in this action.

  First, the discovery the State likely will seek in support of its claims is extensive. This action involves ten defendants, all of which have independent discovery obligations in the absence of a stay. *See Spinelli v. NFL*, No. 1:13-cv-07398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (large number of defendants weigh in favor of stay). Those discovery obligations appear likely to require Defendants' investigation, review, collection, and production of records related to purported shipments that allegedly total "significantly higher" than 100,000 and "well into the six-figure range." Am. Compl. ¶¶ 105–06 (Dec. 22, 2022), ECF No. 72. The State signaled in its part of the parties' joint letter dated January 12 that it intends to seek discovery into sales spanning

1

a period of at least seven years. *See* Joint Letter at 3 (Jan. 12, 2023), ECF No. 86. The aggregated breadth and cost of that discovery would be substantial. *See In re Term Commodities Cotton Futures Litig.*, No. 1:12-cv-05126, 2013 WL 1907738, at *6 (S.D.N.Y. May 8, 2013) (finding review of over 90,000 pages to be a "burden" that "is significant").

The discovery is also highly invasive. The State is using a dramatically overbroad and legally defective complaint in an attempt to obtain, for example, years of records relating to sales of unfinished frames that occurred long before state law prohibited them and at a time when ATF guidance said those products were entirely lawful. Such discovery constitutes a massive intrusion of confidential business information for Defendants and their customers. It should not be allowed to proceed until the Court considers and rules upon whether the Amended Complaint even states valid claims or, if it does, the actual applicable time frame for any such claims.

Second, the State would suffer no prejudice from a brief stay. Defendants seek a stay only until the Court adjudicates their motions to dismiss, that is, "a short period of time." *See id.* at *5. Defendants no longer sell unfinished frames or receivers in New York pursuant to the requirements of the Jose Webster Untraceable Firearms Act § 8, S.B. S14A, 2021 Reg. Sess. (N.Y. 2021). Under these circumstances, rather than cause prejudice, staying discovery until the Court resolves Defendants' motions to dismiss would be "in the interests of all parties and the Court." Order at 7, *Jay Alix v. McKinsey & Co., Inc.*, No. 1:18-cv-4141 (S.D.N.Y. Sept. 22, 2022), ECF No. 206. For example, a stay may streamline discovery in the event that some of the State's claims are dismissed for some or all Defendants, or shortened with respect to the applicable time periods for certain claims. *See id.*; *see also HAHA Glob., Inc. v. Barclays*, No. 1:19-cv-4749, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020); *Spinelli*, 2015 WL 7302266, at *2.

Third, the pending motions to dismiss are strong. Defendants have presented "substantial arguments for dismissal of many, if not all, of the claims asserted." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). As Defendants have argued, the State's case hinges in large measure on the flawed premise that an unfinished frame or receiver is a "firearm" within the meaning of federal law. It is not. *See VanDerStok v. Garland*, No. 4:22-cv-00691, 2022 WL 4009048, at *4 (N.D. Tex. Sep. 2, 2022) ("That which *may become* a receiver is not itself a receiver. Congress could have included firearm parts that 'may readily be converted' to frames or receivers, as it did with 'weapons' that 'may readily be converted' to fire a projectile. But it omitted that language when talking about frames and receivers."). The State's contrary assertion contradicts longstanding ATF guidance and would render the federal statute defining the term unconstitutionally vague.

In any event, if the Court adopts or assumes the State's interpretation of "firearm," all the State's claims fail under the Protection of Lawful Commerce in Arms Act ("PLCAA"). Significantly, the PLCAA does not merely preempt certain claims against the gun industry, but "bars the commencement or the prosecution of" those claims. *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 398 (2d Cir. 2008); *see* 15 U.S.C. § 7902(a) ("A qualified civil liability action may not be brought in any Federal or State court."). Congress enacted the PLCAA to "prevent the use of [qualified civil liability actions] to impose unreasonable burdens on interstate and foreign commerce." 15 U.S.C. § 7901(b)(4). It would thwart that purpose to force Defendants to bear the burdens of discovery on claims for which the PLCAA provides immunity. *Cf. In re Academy, Ltd.*,

625 S.W.3d 19, 35–36 (Tex. 2021) (using mandamus to prohibit trial from going forward because "requiring [the defendant] to proceed to trial—regardless of the outcome—would defeat the substantive right granted by the PLCAA" (cleaned up)). Just as courts frequently stay discovery pending the adjudication of a colorable qualified immunity defense, *see, e.g.*, *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 42 F. Supp. 3d 556, 559 (S.D.N.Y. 2014), a stay of discovery is appropriate here while the Court considers whether Defendants have a federal right to statutory immunity from even having to present a defense against the State's claims, including the burden of responding to discovery requests.

Finally, the State's claims suffer from additional infirmities. These include, for example, attempting to punish speech protected by the First Amendment, relying upon regulations that violate the Second Amendment, and pleading "facts" that amount to little more than speculation. With respect to the latter, the State should not be permitted to use an inadequately pleaded Amended Complaint to initiate discovery in the hope that some previously unknown facts will allow the State to file yet another amended complaint. The "purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." *Stoner v. Walsh*, 772 F. Supp. 790, 800 (S.D.N.Y. 1991); *see also Am. Commc'ns Ass'n, Local 10, I.B.T. v. Ret. Plan for Emps. of RCA Corp. & Subsidiary Cos.*, 488 F. Supp. 479, 484 (S.D.N.Y. 1980).

At a minimum, the motions to dismiss have a strong likelihood of substantially narrowing the scope of relevant discovery.

For these reasons, the Court should grant a stay of discovery pending resolution of these issues.

Respectfully submitted,

*/s/ David H. Thompson*
David H. Thompson

*Counsel for Defendants Brownells, Inc., a/k/a Brownells or Bob Brownell's; Salvo Technologies, Inc., a/k/a 80P Builder or 80P Freedom Co.; Primary Arms, LLC; and Rock Slide USA, LLC*

cc: All Counsel of Record (via ECF)