**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

January 23, 2023

**VIA ECF**
Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2203
New York, New York 10007

Re:   *State of New York v. Arm or Ally, LLC, et al., No. 22-cv-06124 (JMF)*

Dear Judge Furman:

Plaintiff the People of the State of New York (the "State") respectfully oppose Defendants' letter motion seeking to stay discovery. (ECF No. 113). Pursuant to Federal Rule of Civil Procedure 26(c), "upon a showing of good cause, a court has considerable discretion to stay discovery." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). While "[i]n some circumstances, a pending motion to dismiss may constitute 'good cause'", *id.*, the "pendency of a dispositive motion is not, in itself, an automatic ground for a stay." *Mirra v. Jordan*, No. 15-CV-4100, 2016 U.S. Dist. LEXIS 30492, at *5 (S.D.N.Y. Feb. 29, 2016) (citation omitted); *accord In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409 M 21-95, 2002 U.S. Dist. LEXIS 974, at **4–5 (S.D.N.Y. Jan. 22, 2002).

When determining whether to stay discovery, courts consider "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for [a] stay." *Republic of Turkey v. Christie's Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (internal quotation marks and citation omitted). For the reasons set forth below, Defendants' motion fails.

**I.   Defendants' Arguments Concerning the Breadth and Burden of Discovery Fail.**

Although no discovery requests have been exchanged, Defendants prematurely claim that discovery will be "extensive" and overly burdensome. (ECF No. 113 at 1-2.) That speculative position cannot support the relief they seek. *See Brooks v. Macy's*, No. 10 Civ. 5304, 2010 U.S. Dist. LEXIS 135415, at **5-6 (S.D.N.Y. Dec. 21, 2010) (finding that "[b]ecause no discovery requests have been served, it is impossible to assess both the breadth of the discovery sought and the prejudice, if any, that defendant would suffer in respond to the requests").

At this too early time, Defendants summarily rely on (i) allegations in the State's Amended Complaint regarding the number of Defendants' shipments into New York, and (ii) representations made by the State in the parties' joint letter dated January 12 (ECF No. 86) concerning its intention to seek records related to Defendants' sales and shipments of unfinished frames and receivers into New York dating back to January 1, 2016, to contend that the anticipated scope and burden of discovery warrants a stay. (ECF No. 113 at 1-2.) Defendants do not articulate a discernible burden associated with this projected discovery other than conclusory contentions that the discovery would intrude upon "confidential business information" and the cost would be "substantial". (*Id.* at 2). They do not present time or resource constraints that these specific records implicate, nor any basis for their argument that these materials, which are necessarily kept in the ordinary course of their business, present collection or confidentiality issues (the latter of which can be readily addressed through a routine confidentiality order). Indeed, at the parties' purported Rule 26(f) conference, Defendants declined to identify any specific collection or discovery issues or concerns, relying instead on their confidence that they will be able to secure a stay. For this independent reason, their application fails. *See Mirra*, No. 15-CV-4100, 2016 U.S. Dist. LEXIS 30492, at *8 (denying motion to stay discovery when defendant failed to explain why discovery was "voluminous and burdensome" or identify the specific burden associated with the production).

Additionally, Defendants argue, without more, that the number of defendants in this action guarantees that discovery will be extensive. However, ten named defendants does not, by itself, warrant a stay of discovery and the sole case cited by Defendants is inapposite. In *Spinelli v. NFL*, the Court found that discovery was "likely to be broad and significant" because there were 40 defendants and the lawsuit involved "complex copyright and antitrust" matters. No. 13 Civ. 7398, 2015 U.S. Dist. LEXIS 155816, at *5 (S.D.N.Y. Nov. 17, 2015). Here, the State's claims are asserted against ¼ of the number of defendants in *Spinelli* and do not present the same complexities; rather, the State pursues a straightforward case on Defendants' unlawful advertising and shipping of a finite number of illegal products without establishing or utilizing necessary reasonable controls.

Moreover, the State proposed to Defendants at the limited Rule 26(f) conference that this matter be bifurcated for purposes of discovery and trial. The parties' joint Case Management Plan (ECF No. 86-1,) contemplates such bifurcation, which will allow for streamlined and efficient discovery as to liability, while deferring damages and abatement discovery to a later time, if and when necessary. Some Defendants indicated that, absent a stay, they consent to bifurcation and the State's proposed case management plan, while others intend to oppose the State's discovery plan but the State does not know precisely which Defendants or on what basis. Most relevant here, Defendants do not address that the State has affirmatively asked *to limit* discovery at this stage, further undercutting their arguments of excess and burden and revealing their true goal—to avoid any discovery at all.

## II. The Risk of Unfair Prejudice to the State is Substantial.

Defendants argue that the State "would suffer no prejudice," primarily based on their unsupported representation that they are no longer selling unfinished frames and receivers in New York. (ECF No. 113 at 2.) However, for the reasons put forward in the State's pending motion for

a preliminary injunction, which are incorporated by reference here, this representation offers cold comfort. *See generally* ECF Nos. 80, 81, 83, and 84.

Indeed, the State has gathered evidence in the scope of its investigation that confirms that certain Defendants continue to ship products into New York through this month. Defendants do nothing to demonstrate that these ongoing shipments comport with the law, the legitimacy of which they do not acknowledge. *See City of New York v. Arm or Ally, LLC et al.*, Case No. 22 Civ. 5525 (JMF) (S.D.N.Y.), PI Hearing Tr., ECF No. 85-1 at 14:18-23, 15:20-22 (finding a likelihood of further violations from a Defendant which "[did] not identify any concrete or affirmative actions that it has taken to prevent a recurrence of its violations" and noting that its "11th-hour promises of compliance are belied by its otherwise belligerent responses to this case").

Even if we credit Defendants' claims that they have ceased selling and/or shipping the products primarily at issue in this case into New York at this time, which we should not, Defendants fail to address that, by the very nature of its claim, the State is contending with an ongoing condition that endangers the safety or health of the public. *See* N.Y. GEN. BUS. LAW § 898-b; *see also* Amended Complaint (ECF No. 72 at ¶¶ 451-464). While Defendants suggest that their dubious commitment to abide by the law at this juncture sufficiently dissipates the public nuisance they have created, maintained, or contributed for the interim of a stay, that position is divorced from reality. To make this argument, Defendants must ignore the severe and glaring prejudice the State will suffer for every day of delay to the ultimate resolution of this matter; the State urgently needs to stop ghost guns from emerging in our communities out of products Defendants have already sold into New York and otherwise abate the harm caused by the ghost guns that are already here. Defendants also ignore the State's great urgency for a judgment that requires them to establish and utilize sufficient controls, by which they can further abate the harm already caused by past shipments and prevent future unlawful use, marketing, or sale of any of their products. A stay is a delay, and in this case, it is a corresponding delay in resolving and abating a serious and dangerous ongoing condition in New York. Every day matters greatly to the State.

The Order Defendants rely on to support their untenable position that a stay serves the "interests of all parties and the Court[,]'" (ECF No. 113 at 2), illustrates the State's position instead. In *Jay Alix v. McKinsey & Co., Inc.*, the defendants correctly argued that there was no prejudice to the plaintiff because the plaintiff was seeking only monetary damages and made "no credible allegations of ongoing harm or imminent loss of evidence." No. 1:18-cv-4141 (S.D.N.Y. Sept. 22, 2022) (ECF No. 206). The State's case here is precisely the opposite.

### III. Defendants Have Not Made a Strong Showing that the State's Case is Without Merit.

To secure a stay, Defendants inflate the strength of their pending motions to dismiss. As a threshold matter, Defendants move for a stay based on motions to dismiss that they filed days ago and which involve hugely oversized briefs that the State has not yet had a full opportunity to oppose. This is yet another reason Defendants' effort to dodge discovery comes too early.

3

Without waiver of the State's right to fully oppose Defendants' lengthy arguments for dismissal, it is the State's position that Defendants have the law wrong and cannot make the strong showing required to warrant a stay. For example:

- Defendants' argument that their nominally "unfinished" frames and receivers are not "firearms" pursuant to 18 U.S.C. § 921, fails because the definition of "firearm" is not an essential element of any claim against them. There is a cognizable basis for liability pursuant to the statutes underlying the State's claims so long as Defendants' products are a "firearm" or a "*component* part of a firearm." (emphasis added). Indeed, this Court has already noted that the "Defendants may have a steep[] climb in making these arguments" given the ATF's recent rulemaking, and speculated that they "may not ultimately prevail." *New York v. Arm or Ally, LLC*, No. 22 Civ. 6124, 2022 U.S. Dist. LEXIS 221809, *21 (S.D.N.Y. Dec. 8, 2022).

- Defendants' arguments centered on the Protection of Lawful Commerce in Arms Act ("PLCAA") dismiss that the purpose of PLCAA was to preempt common law claims, not statutory causes of action that avail themselves to the predicate exception. 15 U.S.C. § 7903(5)(A)(iii).

- Defendants' arguments that the State's claims suffer from constitutional infirmities fail. For example, Defendants' misrepresentations about the legality of their products are not the type of speech that falls within the ambit of the First Amendment's protections, *see Zauderer v. Office of Disciplinary Counsel of Supreme Court*, 471 U.S. 626, 638 (1985).[1]

Finally, Defendants accuse the State of wanting to proceed to discovery to allow the State to remedy purported deficiencies in its amended complaint, (ECF No. 113 at 3). This accusation of an abuse of the discovery process is wholly unfounded and a transparent attempt to deprive the State of its right to seek leave to amend if and when appropriate.

Accordingly, Defendants do not and cannot demonstrate good cause for this Court to stay discovery pursuant to Fed. R. Civ. P. 26(c), and Defendants' motion should be denied.

Respectfully submitted,

*/s/ Monica Hanna*
Monica Hanna
Special Counsel

Abigail Katowitz
Assistant Attorney General

---

[1] To the extent the Court deems it necessary to consider more than a brief summary of the State's position on substantive issues raised in Defendants' motions to dismiss, the State respectfully requests that the Court defer ruling on the Defendants' motion for a stay and/or extend the State's time to oppose until the State has the benefit of its full time to oppose Defendants' motions to dismiss. It remains the State's position, however, that based on the papers presented to date the Court has the record necessary to deny Defendants' letter motion for a stay.