**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE PEOPLE OF THE STATE OF NEW YORK,
by LETITIA JAMES, Attorney General of the
State of New York,

                          Plaintiff,                Civ. No. 1:22-cv-6124-JMF

    -against-

ARM OR ALLY, LLC; BLACKHAWK ,
MANUFACTURING GROUP, INC., A/K/A 80
PERCENT ARMS; SALVO TECHNOLOGIES,
INC. A/K/A 80P BUILDER OR 80P FREEDOM
CO.; BROWNELLS, INC., A/K/A BROWNELLS
OR BOB BROWNELL'S; GS PERFORMANCE,
LLC, A/K/A GLOCKSTORE OR GSPC; INDIE
GUNS, LLC; KM TACTICAL; PRIMARY ARMS,
LLC; RAINIER ARMS, LLC; AND ROCK SLIDE
USA, LLC,

                        Defendants.

_____

## MEMORANDUM OF LAW IN SUPPORT OF
## CHRISTIAN W. WAUGH AND MARY NORBERG'S
## MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT INDIE GUNS, LLC

**CHRISTIAN W. WAUGH, Esq.**
Florida Bar No. 71093
**WAUGH GRANT, PLLC**
201 E. Pine Street, Ste. 315
Orlando, FL 32801
Telephone:    321-800-6008
Fax:        844-206-0245
Email: cwaugh@waughgrant.com

**MARY NORBERG, Esq.**
Florida Bar No. 1032028
**WAUGH GRANT, PLLC**
201 E. Pine Street, Ste. 315
Orlando, FL 32801
Telephone:    321-800-6008
Fax:        844-206-0245
Email: mnorberg@waughgrant.com

## PRELIMINARY STATEMENT

The undersigned counsel, Christian W. Waugh, Esq. ("Waugh"), and Mary Norberg, Esq. ("Norberg") respectfully submit this memorandum of law in support of their motion, pursuant to Local Civil Rule 1.4, to withdraw as counsel of record for Defendant Indie Guns, LLC ("Indie Guns"). Waugh is the attorney of record for Indie Guns and was admitted *pro hac vice* for this representation on August 8, 2022 [Dkt. No. 39]. Norberg was admitted *pro hac vice* for the same on September 22, 2022 [Dkt. No. 54].

## STATEMENT OF FACTS

The facts relevant to this motion are sworn to in the supporting Declarations of the undersigned filed contemporaneously with this memorandum as Exhibit 1 and 2. Without waiving attorney-client privilege, the undersigned avers that irreconcilable differences regarding litigation conduct and strategy have arisen between the undersigned and client. These include, but are not limited to, the client's failure to follow legal advice. The undersigned would ask that if the Court deems these explanations insufficient, that the Court permit the undersigned to provide more specific reasons in camera and/or under seal.

## APPLICABLE LOCAL CIVIL RULE

Local Civil Rule 1.4 provides:

An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

## ARGUMENT

The existence of an irreconcilable conflict between attorney and client is a proper basis for an attorney to cease representing a client. *Casper v. Lew Lieberbaum & Co.*, 1999 WL 335334, at *4 (S.D.N.Y. 1999). "Good and sufficient cause has been found to exist when there are irreconcilable differences between the attorney and the client with respect to the proper course to be pursued in the litigation." *Lake v. MPC Trucking Inc.*, 718 N.Y.S.2d 903, 279 A.D.2d 813 (3d Dep't 2001).

In considering motions like the one supported by this memorandum, district courts typically consider whether the prosecution of the suit may be disrupted by the withdrawal of counsel. *See Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999). *See also Brown v. National Survival Games, Inc.*, No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) (holding that when discovery is not complete and the case is not scheduled for trial, granting withdrawal will not cause undue delay).

The consideration of these factors merits withdrawal. The State's Motion to Remand has been resolved. The undersigned will be able to timely present a position on Plaintiff's Motion for Preliminary Injunction (Dkt. No. 87). The undersigned already presented a motion to dismiss with supporting memorandum on the underlying pleading, although it appears the State will seek to amend its complaint again. Indie Guns will be best served by having new counsel at the time a response to the amended complaint is required. Finally, discovery has been largely been stayed in this case. *See* Dkt. No. 117.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully requests that the Court grant the relief requested in the motion and enter an order that: (i) permits the undersigned counsel, Christian

W. Waugh, Esq., and Mary A. Norberg, Esq., to withdraw as counsel of record in this case for Indie Guns; and (ii) permit Indie Guns thirty (30) days to find new counsel.

Dated: February 5, 2023
      Orlando, Florida

Respectfully Submitted,

/s/ Christian W. Waugh
**CHRISTIAN W. WAUGH, Esq.**
Florida Bar No. 71093
**WAUGH GRANT, PLLC**
201 E. Pine Street, Ste. 315
Orlando, FL 32801
Telephone:    321-800-6008
Fax:        844-206-0245
Email: cwaugh@waughgrant.com

/s/ Mary A. Norberg
**MARY NORBERG, Esq.**
Florida Bar No. 1032028
**WAUGH GRANT, PLLC**
201 E. Pine Street, Ste. 315
Orlando, FL 32801
Telephone:    321-800-6008
Fax:       844-206-0245
Email: mnorberg@waughgrant.com

*Counsel for Indie Guns, LLC*

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that the foregoing has been served on February 5, 2023 on all parties to this lawsuit, including the Plaintiff, the State of New York, by electronic service via the S.D.N.Y. CM/ECF, and also, pursuant to Local Civil Rule 1.4, on the client, INDIE GUNS, LLC, by email to icrew@indieguns.com.

/s/ Christian W. Waugh