UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

THE PEOPLE OF THE STATE OF NEW YORK,
by LETITIA JAMES, Attorney General of the
State of New York,

                        Plaintiff,                      Civ. No. 1:22-cv-6124-JMF

    -against-

ARM OR ALLY, LLC; BLACKHAWK ,
MANUFACTURING GROUP, INC., A/K/A 80
PERCENT ARMS; SALVO TECHNOLOGIES,
INC. A/K/A 80P BUILDER OR 80P FREEDOM
CO.; BROWNELLS, INC., A/K/A BROWNELLS
OR BOB BROWNELL'S; GS PERFORMANCE,
LLC, A/K/A GLOCKSTORE OR GSPC; INDIE
GUNS, LLC; KM TACTICAL; PRIMARY ARMS,
LLC; RAINIER ARMS, LLC; AND ROCK SLIDE
USA, LLC,

                        Defendants.

_____

**MEMORANDUM OF LAW IN SUPPORT OF
CHRISTIAN W. WAUGH AND MARY NORBERG'S RENEWED
<u>MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT INDIE GUNS, LLC</u>**

| | |
|---|---|
| **CHRISTIAN W. WAUGH, Esq.** | **MARY NORBERG, Esq.** |
| Florida Bar No. 71093 | Florida Bar No. 1032028 |
| **WAUGH GRANT, PLLC** | **WAUGH GRANT, PLLC** |
| 201 E. Pine Street, Ste. 315 | 201 E. Pine Street, Ste. 315 |
| Orlando, FL 32801 | Orlando, FL 32801 |
| Telephone:   321-800-6008 | Telephone:   321-800-6008 |
| Fax:              844-206-0245 | Fax:              844-206-0245 |
| Email: cwaugh@waughgrant.com | Email: mnorberg@waughgrant.com |

1

## PRELIMINARY STATEMENT

The undersigned counsel, Christian W. Waugh, Esq. ("Waugh"), and Mary Norberg, Esq. ("Norberg") respectfully submit this memorandum of law in support of their renewed motion, pursuant to Local Civil Rule 1.4, to withdraw as counsel of record for Defendant Indie Guns, LLC ("Indie Guns"). Waugh is the attorney of record for Indie Guns and was admitted *pro hac vice* for this representation on August 8, 2022 [ECF No. 39]. Norberg was admitted *pro hac vice* for the same on September 22, 2022 [ECF No. 54].

## BACKGROUND

The original motion to withdraw was filed on February 5, 2023. It was denied without prejudice by the Court moments ago on February 24, 2023 [ECF 136]. The Court permitted the undersigned to re-file such a motion under one of two circumstances. In the first circumstance, limited discovery permitted by the State of New York would be completed. In the second circumstance, such a renewed motion would be permitted "if counsel believes there is a need to withdraw before then…." The renewed motion is filed based on the second set of circumstances. The undersigned believe it is necessary to withdraw before limited discovery is completed.

## STATEMENT OF FACTS

The facts relevant to this motion are sworn to in the supporting Declarations of the undersigned filed contemporaneously with this memorandum as <u>Exhibit 1 and 2</u>. Without waiving attorney-client privilege, the undersigned avers that irreconcilable differences regarding litigation conduct and strategy have arisen between the undersigned and client. These include, but are not limited to, the client's failure to follow legal advice. The undersigned recognize, as the Court suggests, that an in camera declaration will be required to examine these reasons. But some further ones are added here.

First, the undersigned do not expect to be able to comply with Federal Rule of Civil Procedure 26(g) in any continued representation. The Court's order denying withdrawal puts the undersigned in an untenable position vis-à-vis compliance with this rule and responding to the limited discovery.

Second, the undersigned does not regularly practice criminal defense, in New York or federally, and the circumstances regarding withdrawal implicate this as well as the potential need to invoke Fifth Amendment rights by Indie Guns' principal.

## APPLICABLE LOCAL CIVIL RULE

Local Civil Rule 1.4 provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

## ARGUMENT

The existence of an irreconcilable conflict between attorney and client is a proper basis for an attorney to cease representing a client. *Casper v. Lew Lieberbaum & Co.*, 1999 WL 335334, at *4 (S.D.N.Y. 1999). "Good and sufficient cause has been found to exist when there are irreconcilable differences between the attorney and the client with respect to the proper course to be pursued in the litigation." *Lake v. MPC Trucking Inc.*, 718 N.Y.S.2d 903, 279 A.D.2d 813 (3d Dep't 2001).

In considering motions like the one supported by this memorandum, district courts typically consider whether the prosecution of the suit may be disrupted by the withdrawal of counsel. *See Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999). *See also Brown v. National*

*Survival Games, Inc.*, No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) (holding that when discovery is not complete and the case is not scheduled for trial, granting withdrawal will not cause undue delay).

<u>This is precisely why a delay occurred for withdrawal between the City case and the State case</u>. At the Court's initial pretrial conference on January 24, 2023, the Court began the conference by asking why the undersigned had not yet withdrawn from this case. Waugh explained that it was due to the pending deadlines, which included the pretrial conference, a response to the pleading, as well as a response to the motion for preliminary injunction. These are serious deadlines that the undersigned did not expect to be permitted to withdraw from beforehand. The Court indicated in response to Waugh's comment that the rationale made sense and thanked him for his explanation.

The Court's order allowing limited discovery radically changes that. Rule 26(g)(1) states that:

> every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name…. By Signing, an attorney or party certifies that to the best of the persn's knowledge, information, and belief formed after a reasonable inquiry: […]
>
> > (B) with respect to a discovery request, response, or objection, it is:
> >
> > > (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or establishing new law;
> > >
> > > (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation….

The undersigned do not expect to be able to comply with this Rule. Further, compelling the undersigned to attempt to comply with it given the circumstances threatens to unfairly put the undersigned in a position to be sanctioned under Rule 26(g)(3). The sanction for improper

4

certification, discussed in Rule 26(g)(3), is potentially severe. The undersigned have never been sanctioned in any court before, let alone a federal court, and have withdrawn due to serious potential issues, only timing the withdrawal in a way to neither prejudice the Court nor Indie Guns.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully requests that the Court grant the relief requested in the motion and enter an order that: (i) permits the undersigned counsel, Christian W. Waugh, Esq., and Mary A. Norberg, Esq., to withdraw as counsel of record in this case for Indie Guns; and (ii) permit Indie Guns thirty (30) days to find new counsel.

Dated: February 24, 2023
Orlando, Florida

Respectfully Submitted,

/s/ Christian W. Waugh
**CHRISTIAN W. WAUGH, Esq.**
Florida Bar No. 71093
**WAUGH GRANT, PLLC**
201 E. Pine Street, Ste. 315
Orlando, FL 32801
Telephone:   321-800-6008
Fax:               844-206-0245
Email: cwaugh@waughgrant.com

/s/ Mary A. Norberg
**MARY NORBERG, Esq.**
Florida Bar No. 1032028
**WAUGH GRANT, PLLC**
201 E. Pine Street, Ste. 315
Orlando, FL 32801
Telephone:   321-800-6008
Fax:               844-206-0245
Email: mnorberg@waughgrant.com

*Counsel for Indie Guns, LLC*

## CERTIFICATE OF SERVICE

6

**I DO HEREBY CERTIFY** that the foregoing has been served on February 24, 2023 on all parties to this lawsuit, including the Plaintiff, the State of New York, by electronic service via the S.D.N.Y. CM/ECF, and also, pursuant to Local Civil Rule 1.4, on the client, INDIE GUNS, LLC, by email to icrew@indieguns.com.

/s/ Christian W. Waugh