

ONE NORTH BROADWAY, SUITE 1005
WHITE PLAINS, NY 10601
TEL (914) 285-0700 ■ FAX (914) 285-1213
www.renzullilaw.com

February 24, 2023

**VIA ECF**

Hon. Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

    Re:  *People of the State of New York v. Arm or Ally, LLC, et al.*, **No. 22-CV-6124 (JMF)**

Dear Judge Furman:

    We represent defendant Blackhawk Manufacturing Group, Inc. in the captioned case. We write on behalf of all defendants in response to the State's January 12, 2023 Motion for Preliminary Injunction (Doc. No. 77). As directed during the January 24, 2024 Initial Pretrial Conference, defendants and the State have conferred in an attempt to reach an agreement on the terms of a stipulation and order regarding defendants' agreement not to sell and deliver any "unfinished frames or receivers" to New York customers to resolve the State's Motion for a Preliminary Injunction.

    Based on the extensions that this Court has provided the parties to continue their negotiations, they have been able to agree on the majority of the terms to be included in such order. The parties have not been able to reach an agreement with regard to all terms, however, and have therefore agreed to submit competing orders for this Court's consideration. In an effort to avoid the need for contested briefing on the State's Motion for a Preliminary Injunction, defendants will agree to the entry of the State's version of the proposed order if this Court believes that it should be entered instead of defendants' proposed version.

    A copy of the defendants' proposed Stipulation and Order is attached hereto as Exhibit 1. A copy of the State's proposed Stipulation and Order is attached hereto as Exhibit 2. A track changes version showing the difference between the two versions is attached hereto as Exhibit 3.

    There are only two differences between the Stipulation and Order proposed by the State and defendants. First, the State's version of the proposed Stipulation and Order prohibits defendants from:

> Selling, delivering, or otherwise disposing of any "unfinished frames or receivers" to recipients <u>with a billing or shipping address  in New York State</u>.

*People of the State of New York v. Arm or Ally, LLC, et al., No. 22-CV-6124 (JMF)*
*February 24, 2023*
*Page 2*

(Emphasis added). Defendants' version of the proposed Stipulation and Order prohibits defendants from:

> Selling, delivering, or otherwise disposing of any "unfinished frames or receivers" to recipients <u>in New York State</u>.

(Emphasis added).

It is defendants position that New York law only prohibits them from selling, delivering, or otherwise disposing of unfinished frames or receivers to customers in the State of New York. They do not believe that New York law prohibits them from selling, delivering, or otherwise disposing of unfinished frames or receivers to customers in other states, simply because the customer may have a billing address, or another shipping address, in the State of New York. Stated differently, if a customer has a residence in Florida and New York, and places an order for an unfinished frame or receiver to be shipped to their Florida address, defendants should be allowed to make the sale, even though their billing address is in New York, and they have another address located in the State of New York. The State's proposed Stipulation and Order would prohibit commerce occurring entirely outside the State of New York, which it would not otherwise be authorized to do pursuant to the Commerce Clause.

The only other issue that still remains in dispute is whether certain terms should be defined within the Stipulation and Order. Both versions of the proposed Stipulation and Order define the term "unfinished frame or receiver" as follows:

> An "unfinished frame or receiver" is any <u>unserialized</u> material that does not constitute the <u>frame</u> or <u>receiver</u> of a firearm, rifle or shotgun but that has been shaped or formed in any way for the purpose of becoming the frame or receiver of a firearm, rifle or shotgun, and which may readily be made into a functional frame or receiver through milling, drilling or other means and shall be interpreted to have the same meaning as N.Y. Penal Law § 265.00(32).

(emphasis added).

Defendants believe that the terms "frame," "receiver," "serialized," and "unserialized" should also be defined in the Stipulation and Order. Defendants believe that these definitions need to be included in order to comply with the requirement of Rule 65(d)(1)(C) of the Federal Rules of Civil Procedure that restraining orders "describe in reasonable detail–and not by referring to the complaint or other document–the act or acts restrained or required," avoid any confusion, and ensure that defendants can clearly identify what they are prohibited from selling to customers in New York by referring to the order itself. It is defendants' understanding that the State does not object to the substantive definitions of the above terms in defendants' proposed Stipulation and Order, but rather believes that they are unnecessary.

For the above reasons, defendants respectfully request that this Court enter their proposed version of the Stipulation and Order attached as Exhibit 1, and deny the State's Motion for a

RENZULLI LAW FIRM, LLP

*People of the State of New York v. Arm or Ally, LLC, et al., No. 22-CV-6124 (JMF)*
*February 24, 2023*
*Page 3*

preliminary injunction as moot. As noted above, however, if this Court believes that the State's proposed version of the Stipulation and Order attached as Exhibit 2, or some combination of the two, better represents the law, defendants will consent to its entry to resolve the State's Motion for a Preliminary Objection.

                Respectfully submitted,

                **RENZULLI LAW FIRM, LLP**

                Scott C. Allan

cc: All counsel of record (via ECF)