

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

EXECUTIVE DIVISION

Writer's Direct Dial: (212) 416-6556

February 24, 2023

**Via ECF**

The Honorable Jesse M. Furman  
United States District Court for the Southern District of New York  
Thurgood Marshall United States Courthouse  
40 Foley Square, Room 2203  
New York, NY 10007

Re: <u>People of the State of New York v. Arm or Ally, LLC, et. al</u>, No. 22 Civ. 6124

Dear Judge Furman,

This Office represents Plaintiff, the People of the State of New York (the "State"), in the above-referenced matter. I write pursuant to the Court's February 21, 2023 Order, ECF No. 134, to submit the State's proposed order imposing a preliminary injunction prohibiting sales of ghost gun components by the Defendants. Unfortunately, while the parties agree in principle, we have been unable to reduce our agreement to writing, and judicial intervention is necessary to specify the terms of the injunction.

The State respectfully requests that the Court enter the proposed order attached as Exhibit A, which is modeled after the order that this Court entered against Defendant Indie Guns in the parallel New York City action.[1] A copy of that earlier Order of the Court is attached as Exhibit B.

The State's proposed order includes only definitions of terms that are necessary to the instant order and which are not in dispute. Each included definition is tied directly into the governing statute, N.Y. Penal Law § 265.00, which authoritatively defines key terms such as "dispose," "serialized," and "unfinished frame or receiver." The proposed order is also consistent with New York's categorical prohibitions on ghost guns and the unfinished frames and receivers used to build them, <u>see</u> N.Y. Penal Law. §§ 265.01(9-10), .60., .61, .63, 64, and the legal obligation

---

[1] Defendants have put forward the State's final proposal during negotiations, ECF No. 140 Ex. 2, and portrayed the document to the Court as "the State's proposed Stipulation and Order." ECF No. 140 at 1. It is no such thing. The document that Defendants attached was a good-faith compromise offered by the State in the course of negotiations, adapted from the Defendants' own draft, which the Defendants rejected. It is not the State's proposal to the Court, as the Defendants are well aware. The State's proposed order is attached as Exhibit A to this document.

Hon. Jesse M. Furman
Page 2

for firearms industry participants to "establish and utilize reasonable controls and procedures to prevent its qualified products from being possessed, used, marketed or sold unlawfully in New York state." N.Y. Gen. Business Law § 898-b(2).

The State's proposed order fully addresses the relief it sought by its motion. In contrast, while negotiations were ongoing, Defendants pushed for one carve-out after another that would allow them to continue selling unfinished frames and receivers into New York in some form. Defendants sought to sell their illegal products to gun retailers in New York (who could be expected to sell them on to retail consumers), to gunsmiths, or to New Yorkers who provide an address outside the state to receive the shipment. These carve-outs are untenable in light of the relief the State has sought in its pertinent motion for a preliminary injunction—namely to enjoin Defendants from selling *any* unfinished frames and/or receivers into New York, in order to combat the spread of deadly and untraceable ghost guns in our community.

For example, Defendants' desire to continue to sell their illegal products to individuals who have a New York billing address but a shipping address elsewhere runs counter to General Business Law § 898-b(2)'s requirement to have "reasonable controls" against these products entering the State. It also runs contrary to federal law, which forbids Defendants to sell or deliver a firearm to any person the transferor "knows or has reasonable cause to believe does not reside in . . . the state in which the transferor resides," or in the case of those Defendants who are federal firearms licensees, "the State in which the licensee's place of business is located." 18 U.S.C. §§ 922(a)(5) & (b)(3). The Court recognized these issues in the City case, entering an order barring Defendant Indie Guns from "selling or otherwise disposing of any unfinished and/or unserialized frame or receiver to any individual with . . . 1) a billing address in New York City, and/or 2) a shipping address in New York City." Ex. B at 3. The injunction in this state action should work the same way.

The State respectfully requests that the Court enter the attached proposed preliminary injunction.[2]  We thank the Court for its time and consideration.

Respectfully submitted,

James M. Thompson
Monica Hanna
Special Counsel
Abigail Katowitz
Matthew Conrad
Assistant Attorneys General
james.thompson@ag.ny.gov

---

[2] While the State appreciates the Defendants' decision to submit a proposed injunction rather than oppose the State's preliminary injunction motion, we respectfully disagree with their characterization of the proper procedural outcome. Rather than "deny the State's Motion for a preliminary injunction as moot," as Defendants suggest, ECF No. 140 at 2-3, the Court should more properly grant the motion without opposition.

Hon. Jesse M. Furman
Page 3

Cc: All counsel of record (via ECF)