

**NEW JERSEY OFFICE**
30 COLUMBIA TPK.
SUITE 205
FLORHAM PARK, NJ 07932
(973) 245-8100

**NEW YORK OFFICE**
445 HAMILTON AVE.
SUITE 1102
WHITE PLAINS, NY 10601
(914) 287-7711
**WWW.PISCIOTTI.COM**

**PENNSYLVANIA OFFICE**
ONE LIBERTY PLACE
1650 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103
(267) 817-9880

February 27, 2023

<u>**VIA ECF**</u>

Hon. Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

    **Re:** **People of the State of New York v. Arm or Ally, LLC, et al.**
      <u>S.D.N.Y Case No. 1:22-cv-06124</u>

Dear Judge Furman:

  On behalf of Defendant GS Performance, LLC ("GSP"), and the other Defendants in this matter, please accept this letter in response to the February 24, 2022 application from Plaintiff seeking to submit a new order on its Motion for a Preliminary Injunction (Dkt. Nos. 77 and 78). The proposed new Order was never previously discussed by the Parties and was not part of the plan approved by the Court.

  It was Defendants' understanding, based on communications exchanged with Plaintiff, and as outlined in GSP's letter application to the Court on February 20, 2023 (Dkt. No. 133), that the parties had 2-3 issues remaining in dispute on their negotiated joint Stipulated Order on the subject motion, and if such issues could not be resolved, the parties would submit competing orders "addressing the last few issues that cannot be agreed upon" for the Court's determination. It was advised that the parties would submit such competing orders by February 24th, and that opposition to the subject motion would not be due until February 27th. The letter application addressing the above was granted by the Court on February 21, 2023 (Dkt. No. 134).

  Consistent with the above, on February 24, 2023, counsel for Defendant Blackhawk Manufacturing Group submitted copies of the Defendants' and the Plaintiff's most recent proposed joint Stipulated Orders explaining the differences in the Orders and why Defendants believe their Order is more appropriate. (Dkt. No. 140). Plaintiff then submitted its own letter on the issue. (Dkt. No. 141). However, rather than addressing their most recent proposed joint Stipulated Order, Plaintiff instead sought to submit a new Order on its Motion for a Preliminary Injunction granting the Motion as unopposed. This was not what the parties had discussed or, in our estimation, what was ordered by the Court. The express intent of the Defendants in negotiating this issue was to avoid unnecessary briefing and avoid the granting of a preliminary injunction (as opposed to an agreed order enjoining certain activity). Moreover, contrary to what is stated in Plaintiff's proposed Order, the Motion is not unopposed, and the deadline for opposition has not yet expired.

  Defendants believe they have a meritorious defense to the requested preliminary injunction. For example, as to Defendant GSP, Plaintiff's Amended Complaint expressly admits that GSP no longer sells unfinished frames or receivers (Dkt. No. 72 at ¶ 287), so there is no basis for finding a likelihood of irreparable harm. *See Shady v Tyson*, 5 F Supp 2d 102, 106 (E.D.N.Y. 1998) ("A showing of irreparable harm is perhaps considered the single most important requirement in satisfying

*People of the State of New York v. Arm or Ally, LLC, et al.*
*Page 2*

the [preliminary injunction] standard.") (citing *Reuters Ltd. v. United Press Int'l. Inc.*, 903 F.2d 904, 907 (2d Cir.1990)). However, in lieu of arguing these points and wasting time and judicial resources, the parties sought to agree on a joint Stipulated Order since the Defendants are no longer engaging in the conduct Plaintiff is seeking to enjoin based on the enactment of N.Y. Penal Law §§ 265.00(32), 265.07, 265.60, 265.61, 265.63, and 265.64, which made such conduct illegal effective April 6, 2022.

Nevertheless, if Plaintiff is now withdrawing from the negotiated joint Stipulated Order, and the Court would prefer briefing on the issue as opposed to deciding between the two competing proposed joint Stipulated Orders,[1] then Defendants respectfully ask the Court for more time to oppose the Motion for a Preliminary Injunction, up to and including March 10, 2023.

This request will not affect any other case deadlines. We thank Your Honor for his consideration of this request.

Respectfully Submitted,

**PISCIOTTI LALLIS ERDREICH, P.C.**

*s/ Ryan Erdreich*

Ryan L. Erdreich

cc: All counsel of record (via ECF)

---

[1] It is Defendants' preference that the issue be resolved by entry of what the Court believes is the most appropriate joint Stipulated Order.

