UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York, <br><br> Plaintiff, <br><br> v. <br><br> ARM OR ALLY, LLC; BLACKHAWK MANUFACTURING GROUP, INC., A/K/A 80 PERCENT ARMS, INC. OR 80 PERCENT ARMS; SALVO TECHNOLOGIES, INC., A/K/A 80P BUILDER OR 80P FREEDOM CO.; BROWNELLS, INC., A/K/A BROWNELLS OR BOB BROWNELL'S; GS PERFORMANCE, LLC, A/K/A GLOCKSTORE OR GSPC; INDIE GUNS, LLC; KM TACTICAL; PRIMARY ARMS, LLC; RAINIER ARMS, LLC; AND ROCK SLIDE USA, LLC, <br><br> Defendants. | Case No. 22-cv-06124 (JMF) <br><br> **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PRIMARY ARMS, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

David H. Thompson*
Brian W. Barnes*
**COOPER & KIRK PLLC**
1523 New Hampshire Ave., NW
Washington, DC 20036
Phone: (202) 220-9600
* Admitted *pro hac vice*

*Attorneys for Defendant Primary Arms, LLC*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................. 1

FACTS SPECIFIC TO PRIMARY ARMS ....................................................................................... 1

ARGUMENT ..................................................................................................................................... 3

I.  New York Fails to Plausibly Plead that Primary Arms Shipped Any Unfinished Frames or Receivers into New York State After the State Statutes at Issue Took Effect. ................................................................................................................................... 4

II. The Second Amended Complaint Fails to Identify Any Alleged Misstatements in Support of the State's Misrepresentation Claims Against Primary Arms. ......................... 5

III. The Second Amended Complaint Fails to Adequately Allege that Primary Arms Aided and Abetted Violations of Local, State, or Federal Law. ........................................... 5

CONCLUSION .................................................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**                                                                                             **Page**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................. 3, 5

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002) .......................................................................................... 4

*Doron Precision Sys., Inc. v. FAAC, Inc.*,
    423 F. Supp. 2d 173 (S.D.N.Y. 2006) ........................................................................... 4

*Erickson v. Pardus*,
    551 U.S. 89 (2007) ........................................................................................................ 3

*Harris v. NYU Langone Med. Ctr.*,
    2013 WL 3487032 (S.D.N.Y. July 9, 2013) .................................................................. 3

*In re Zinc Antitrust Litig.*,
    155 F. Supp. 3d 337 (S.D.N.Y. 2016) ........................................................................... 3

*Nelson v. Lilley*,
    2022 WL 2872648 (W.D.N.Y. July 21, 2022) .............................................................. 7

*People v. Carpenter*,
    30 N.Y.S.3d 299 (2d Dep't 2016) ................................................................................. 7

*United States v. Pipola*,
    83 F.3d 556 (2d Cir. 1996) ............................................................................................ 6

**Statutes and Rules**

18 U.S.C. § 2 .......................................................................................................................... 6

26 U.S.C.
    § 5842(b) ........................................................................................................................ 6
    § 5861(c) ........................................................................................................................ 6
    § 5861(d) ........................................................................................................................ 6

N.Y. Penal Law
    § 20.00 ............................................................................................................................ 7
    § 265.07 .......................................................................................................................... 6
    § 265.20(3) ..................................................................................................................... 6

FED. R. CIV. P. 8(a)(2) ...................................................................................................... 3, 5

**Other Authorities**

*All Products – Other Products*, PRIMARY ARMS, https://bit.ly/2ArpFdR
    (last visited Apr. 19, 2023) ............................................................................................ 4

## INTRODUCTION

Rather than reiterating the same points here, Defendant Primary Arms, LLC ("Primary Arms") incorporates by reference the arguments in the Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendant Brownells, Inc., a/k/a Brownells or Bob Brownell's ("Brownells"). Brownells' motion and accompanying memorandum of law fully address the federal statutory and constitutional arguments for why the State's Second Amended Complaint (Apr. 13, 2023), ECF No. 157 ("SAC") must be dismissed.

Not only does the State's SAC fail in general, but the State's claims as pleaded against Primary Arms are deficient for additional reasons. First, New York fails to plausibly plead that Primary Arms shipped any unfinished frames or receivers into New York State after the State statutes prohibiting unfinished frames and receivers took effect. Second, the States pleads *zero statements* that Primary Arms allegedly made upon which the SAC's false advertising and misrepresentation claims are based. Third, the SAC never alleges that Primary Arms formed the *mens rea* necessary to support the State's aiding and abetting claims.

## FACTS SPECIFIC TO PRIMARY ARMS

Primary Arms is a Texas limited liability corporation with its headquarters in Houston, Texas. SAC ¶ 16. According to the SAC, Primary Arms is "an online retailer of firearms, parts, and paraphernalia who marketed and repeatedly sold unfinished frames and receivers to New Yorkers." *Id.* ¶ 495. The SAC further alleges that "[f]or a substantial segment of the Relevant Time Period, Primary Arms shipped unfinished frames and receivers directly to New York consumers, with no serialization and no background check." *Id.* ¶ 498. The State alleges that, "on information and belief, Primary Arms' website sees on average 3.9 million visitors per month." *Id.* ¶ 497.

New York alleges that Primary Arms "sent at least 25,428 packages into New York State between July 25, 2016, and August 9, 2022." *Id.* ¶ 500. The State alleges that "[a]t least 1,305 of

1

these shipments were sent into New York City after February 23, 2020," and "[a]t least 835 of these shipments were sent into New York State after April 26, 2022." *Id.* ¶¶ 501–502. The SAC alleges that "[a] significant portion of each group of [these] shipments . . . contained unfinished frames and receivers." *Id.* ¶ 503. New York further alleges that Primary Arms sent the following packages into New York:

- On or around May 15, 2018, a package to an address in Greenwich, NY, which New York alleges contained, "[o]n information and belief," "unfinished frames or receivers and the parts to make them into" firearms. *Id.* ¶¶ 519–520.

- On or around September 2020, "two unfinished AR-15-style lower receivers" to Rene Loyola in the East Village neighborhood of Manhattan, and on or around December 2020, "another unfinished AR-15-style lower receiver" to the same person. *Id.* ¶¶ 504–505.

- On or around November 27, 2021, a package to a woman with the initials N.S. at an address in the East Rockaway area of Queens, NY, which New York alleges contained, "[o]n information and belief," "unfinished frames or receivers and the parts to make them into" firearms. *Id.* ¶¶ 506–507.

- Between approximately March 17, 2021, and September 13, 2021, "at least four packages" to an address in the Rosedale area of Queens, NY, which New York alleges contained, "[o]n information and belief," "unfinished frames or receivers and the parts to make them into" firearms. *Id.* ¶¶ 508–509.

- On or around May 29, 2021, a package to an address in the Ridgewood neighborhood of Queens, NY, which New York alleges contained, "[o]n information and belief," "unfinished frames or receivers and the parts to make them into" firearms. *Id.* ¶¶ 522–523.

- On or around June 28, 2021, and July 3, 2021, two packages to an address in Massapequa, NY, which New York alleges contained, "[o]n information and belief," "unfinished frames or receivers and the parts to make them into" firearms. *Id.* ¶¶ 524–525.

- On or around August 22, 2021, and December 28, 2021, packages to an address in the Bronx, NY, which New York alleges contained, "[o]n information and belief," "unfinished frames or receivers and the parts to make them into" firearms. *Id.* ¶¶ 510–511.

2

- On or around December 17, 2021, a package to an address in Armonk, NY, which New York alleges contained, "[o]n information and belief," "unfinished frames or receivers and the parts to make them into" firearms. *Id.* ¶¶ 512–513.

- On or around May 26, 2021, a package to an address in Carmel, NY, which New York alleges contained, "[o]n information and belief," "unfinished frames or receivers and the parts to make them into" firearms. *Id.* ¶¶ 514–515.

The SAC contains *zero statements* that New York alleges Primary Arms made to support the false advertising and misrepresentation causes of action New York brings against Primary Arms.

## ARGUMENT

The State cannot use group pleading to evade its obligation to allege facts that support its claims against Primary Arms. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Where a plaintiff sues multiple defendants, that means the complaint must "offer specification as to the *particular* activities by any *particular* defendant" that are supposedly actionable. *Harris v. NYU Langone Med. Ctr.*, 2013 WL 3487032, at *7 (S.D.N.Y. July 9, 2013) (emphases added); *see also In re Zinc Antitrust Litig.*, 155 F. Supp. 3d 337, 384 (S.D.N.Y. 2016) (admonishing plaintiffs for attempting to circumvent this requirement "by resorting to corporate or group pleading"). Whatever the merits of the State's claims against other Defendants in this lawsuit, the State has failed to allege facts necessary to make its claims against Primary Arms plausible.

3

I.  **New York Fails to Plausibly Plead that Primary Arms Shipped Any Unfinished Frames or Receivers into New York State After the State Statutes at Issue Took Effect.**

New York alleges that "[a] significant portion" of the shipments that Primary Arms allegedly sent into New York after April 26, 2022—the effective date of the State's prohibition on unfinished frames and receivers—contained unfinished frames and receivers. SAC ¶¶ 502–503. The State's allegation, however, is entirely devoid of factual support, and the SAC provides no basis on which the allegation is made. New York previously based its allegation that packages Primary Arms allegedly sent into New York contained unfinished frames and/or receivers on its assertion that the weight and dimensions of the packages roughly matched those of packages containing unfinished frames and/or receivers obtained in undercover purchases. *See* Am. Compl. ¶ 379 (Dec. 22, 2022), ECF No. 72. To the extent that this continues to be the basis upon which New York makes its allegation that "a significant portion" of Primary Arms' post-April 26, 2022 shipments contained unfinished frames and receivers, it is not a plausible basis for drawing the inference that those packages in fact contained unfinished frames and receivers. Primary Arms sells myriad products that are not unfinished frames or receivers, including flashlights, cleaning supplies, and tools. *See All Products – Other Products*, PRIMARY ARMS, https://bit.ly/2ArpFdR (last visited Apr. 19, 2023).[1] A package containing any of these items could have the same rough weight and dimensions as a package containing an unfinished frame or receiver, and New York provides no support for its belief that the shipments contained the latter and not the former.

---

[1] Because the SAC repeatedly relies on and references the Primary Arms website, *see* SAC ¶¶ 35, 113, 497, the Court may consider the website when ruling on Primary Arms' motion to dismiss, *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). Furthermore, "[f]or purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination." *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) (internal quotation marks and citations omitted).

Accordingly, because New York fails to plausibly plead that Primary Arms shipped any unfinished frames or receivers into New York State after the State statutes at issue took effect, the Court should dismiss each claim as to Primary Arms to the extent they are based on violations of those statutes.

**II.     The Second Amended Complaint Fails to Identify Any Alleged Misstatements in Support of the State's Misrepresentation Claims Against Primary Arms.**

Counts One (d), One (e), Two, Four, and Five must be dismissed against Primary Arms for failure to state a claim. The State contends in those counts that each Defendant engaged in fraudulent conduct, deceptive acts and practices, and false advertising. SAC ¶¶ 599(d), 599(e), 604–605, 619–620, 622–623. But there are no factual allegations anywhere in the SAC that support those claims against Primary Arms.

The SAC identifies exactly *zero* statements or representations made by Primary Arms. That alone requires dismissal of Counts One (d), One (e), Two, Four, and Five against Primary Arms. A complaint does not "suffice" under Federal Rule of Civil Procedure 8(a)(2) when "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). The SAC contains no statements or representations of any kind by Primary Arms concerning the legality of selling and possessing Primary Arms' products in New York. Nor does the SAC allege any statements or representations by Primary Arms about federal firearms licenses, background checks, or the need to serialize and record sales. In short, the State has failed to allege *any* Primary Arms misstatement to support Counts One (d), One (e), Two, Four, and Five and, as a result, the Court should dismiss those claims.

**III.    The Second Amended Complaint Fails to Adequately Allege that Primary Arms Aided and Abetted Violations of Local, State, or Federal Law.**

Count One charges that Primary Arms aided and abetted the possession of a firearm by convicted persons, but does not specify what local, State, or federal laws Primary Arms allegedly

5

violated, *see* SAC ¶ 599(b);[2] the possession of firearms by unlicensed persons in violation of N.Y. Penal Law §§ 265.01(1) and 265.20(3), SAC ¶ 599(c); and the possession of unserialized firearms in violation of 26 U.S.C. §§ 5842(b), 5861(c), 5861(d), and N.Y. Penal Law § 265.07, SAC ¶ 599(f). The State has failed to state a claim for aiding and abetting violations of any state or federal laws because it has not alleged the necessary *mens rea* requirements.

The allegations in Count One fall short of stating a claim for aiding and abetting under federal law. The federal aiding and abetting standard includes a substantial *mens rea* requirement. *See United States v. Pipola*, 83 F.3d 556, 562 (2d Cir. 1996); 18 U.S.C. § 2. To be culpable for aiding and abetting a violation of the federal laws cited in the relevant portions of Count One, Primary Arms "must have taken some *conscious action* that furthered the commission of the underlying crime" and must have "either acted or failed to act with the *specific intent* of advancing the commission of the underlying crime." *Pipola*, 83 F.3d at 562 (emphases added).

The State has not alleged a conscious action Primary Arms undertook to further the commission of aiding and abetting the possession of unserialized firearms or the possession of firearms by convicted persons, nor does the State allege that Primary Arms acted with specific intent to advance the commission of these crimes. While the SAC alleges that one individual to whom Primary Arms sent "packages" "was not legally permitted to possess a firearm," SAC ¶¶ 341, 510–511, the State fails to allege that Primary Arms consciously acted or acted with the specific intent to assist a felon in possessing a firearm. The State also fails to allege that this individual was not legally permitted to possess a firearm at the time that Primary Arms allegedly

---

[2] The State alleges merely that Primary Arms "aided and abetted convicted persons in possessing a prohibited firearm." SAC ¶ 599. The State fails, however, to cite any local, State, or federal laws that actually prohibit the possession of firearms by convicted persons, the violation of which Primary Arms' alleged conduct aided and abetted.

mailed him packages. *See id.* ¶ 341. Similarly, there are no allegations in the SAC that Primary Arms consciously acted or acted with specific intent to assist others in the possession of unserialized firearms.

As for the allegations concerning aiding and abetting violations of local or State laws, the State has also failed to adequately allege the appropriate *mens rea* requirements. New York's standard for aiding and abetting requires the "mental culpability required for the commission" of the underlying offense. *See* N.Y. Penal Law § 20.00. "[A]n accomplice must have a shared intent, or 'community of purpose' with the principal." *Nelson v. Lilley*, 2022 WL 2872648, at *5 (W.D.N.Y. July 21, 2022) (quoting *People v. Carpenter*, 30 N.Y.S.3d 299, 301 (2d Dep't 2016)). The SAC fails to allege that Primary Arms had a shared intent or community of purpose with the individuals who unlawfully possessed guns.

This Court should dismiss the Counts One (b), One (c), and One (f) for failure to state a claim because the State has failed to allege that Primary Arms acted with the requisite *mens rea* to aid and abet possession of firearms by convicted persons, possession of firearms by unlicensed persons, or possession of unserialized firearms.

## CONCLUSION

For the foregoing reasons and those further explained in the Brownells brief, the Court should dismiss the Second Amended Complaint in its entirety against Primary Arms.

7

Dated: April 19, 2023
New York, New York

Respectfully Submitted,

/s/ David H. Thompson
**COOPER & KIRK PLLC**
David H. Thompson*
Brian W. Barnes*
1523 New Hampshire Ave., NW
Washington, DC 20036
Phone: (202) 220-9600
dthompson@cooperkirk.com
bbarnes@cooperkirk.com
* Admitted *pro hac vice*

*Attorneys for Defendant Primary Arms, LLC*