

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

September 20, 2023

**VIA ECF**

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2203
New York, New York 10007

Re:   *State of New York v. Arm or Ally, LLC, et al., No. 22-cv-06124*

Dear Judge Furman:

On behalf of Plaintiff the People of the State of New York (the "State"), we write with regard to the continued failure of defendant Indie Guns, LLC to produce limited discovery as ordered by the Court (*see* ECF No. 172), and to request that the Court permit the State to seek limited third-party discovery regarding Indie Guns' potential violations of the preliminary injunction prohibiting it from selling or delivering unfinished frames or receivers in and to New York (ECF No. 156, the "Preliminary Injunction").

On April 3, 2023, the Court ordered Indie Guns to preserve all documents in its possession, custody, or control relevant to this litigation, and to provide the State with a log of documents that it had previously destroyed (ECF No. 172). Indie Guns has failed to respond to this Order. On May 11, 2023, the Court ordered the State to make the appropriate application concerning Indie Guns' failure to respond within two weeks of the Court's ruling on Defendants' motion to dismiss concurrently with the State's motion for default judgment, if appropriate. (ECF No. 194.)

Since the Court's May 11, 2023 Order, Indie Guns' principal, Lawrence Destefano, has escalated his rhetoric on social media regarding his intent to evade the law and court orders regarding sales of unfinished frames and receivers, and has openly expressed disdain for concerns regarding the legality of his actions.

For example, on July 15, 2023, Mr. Destefano published a video on Indie Guns' Instagram account featuring him driving to the post office to deliver customer orders of unfinished frames and receivers. In this video, Mr. Destefano professes that he "[doesn't] know what's legal or illegal right now," but "just wanted to make sure [he] can get you guys the products," indicating that

continues to ship unfinished frames and receivers without heed to situations where he may not be permitted to do so.[1]

Additionally, Indie Guns' website has been updated to further communicate to customers that they can purchase unfinished frames and receivers without regard to the products' legality. For example, Indie Guns continues to sell the PF940SC Frame Kit 26-27-33 and provides a list of Questions and Answers for customers:

1. Why don't you accept debit/credit cards?

   To prevent federal, state, and local government from spying on or obtaining your financial transactions by subpoena, court order, or warrant.

   We do not accept credit cards and we require no payment at checkout. Therefore, we have no record of your financial transaction.

   However, we've been clear about this, Indie Guns and its owner, Lawrence Destefano, under threat of imprisonment and fines for contempt, will disobey and refuse any court order to provide records (existing or not) which evidence sales of 80% frames, receivers, or parts to law-abiding Americans building guns in the privacy of their own home. Full stop.

   Make no mistake, your credit card purchases of gun parts is tracked and shared with law-enforcement.

2. How do I pay?

   Like normal except no payment is required at Checkout. Just click **Add to cart > View cart > Proceed to checkout > Place order**

   Call or txt to arrange anonymous payment after receiving email that order was received.

---

[1] https://www.instagram.com/p/CuvftnNAdoK/ (last accessed September 19, 2023).

3. Is all this legal?

[*The answer to this question is a brief video of the Attorney General of Connecticut giving a press conference regarding his office's lawsuit against Indie Guns*[2]*, followed by nearly a minute of various animated characters laughing:*][3]



Indie Guns' contempt for the law and court orders as evidenced by Indie Guns' public statements, business practices, and ongoing refusal to comply with this Court's April 3, 2023 Order to preserve information pertaining to Indie Guns' shipping records gives the State no confidence that Indie Guns is abiding by the Preliminary Injunction.

The State therefore respectfully requests that the Court permit it to seek limited third-party discovery in the form of subpoenas to carriers to determine whether Indie Guns is actively shipping

---

[2] *See* https://portal.ct.gov/AG/Press-Releases/2023-Press-Releases/Attorney-General-Tong-Sues-Four-Ghost-Gun-Dealers-for-Illegal-Sales-in-Connecticut (last accessed September 19, 2023).

[3] *See, e.g.*, https://indieguns.com/product/g20-g21-frame-kit-pf45/ (video embedded on website under heading "Is all this legal?") (last accessed September 19, 2023).

products to New York in violation of the Preliminary Injunction, and so that the State can take the appropriate actions.[4]

                        Respectfully submitted,

                        */s/ Matthew Conrad*
                        Matthew Conrad
                        Assistant Attorney General

Cc via ECF
All counsel of record

Cc via email and first class mail
INDIE GUNS, LLC
c/o Lawrence Destefano
icrew@indieguns.com

Per Rule 3(E) of the Court's Individual Rules, Indie Guns shall file any letter in opposition, not to exceed three pages, within three business days.  Indie Guns is reminded, however, that it must secure counsel in order to file any such response. *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se."). Absent a response by properly admitted counsel by the deadline, the motion will be granted as unopposed.  The State is directed to serve a copy of this endorsed letter on Mr. Destefano by both first-class mail and email and to docket proof of such service by September 21, 2023.

                        SO ORDERED.

                        September 20, 2023

---

[4] The State respectfully notes that it maintains the authority to issue subpoenas outside the context of litigation pursuant to the Attorney General's investigative power granted by N.Y. Executive Law § 63(12), which power "shall not abate or terminate by reason of any action or proceeding brought by the attorney general under this section." The State is committed, however, to engaging this Court in any such exercise of its authority in light of this Court's prior discovery related orders.