UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE PEOPLE OF THE STATE OF NEW YORK,

    Plaintiff,

  v.

ARM OR ALLY, LLC, *et al.*

    Defendants.

22-cv-6124
(Furman, J.)

---

### UNITED STATES OF AMERICA'S RESPONSE
### TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

The United States of America, by and through its attorney Damian Williams, United States Attorney for the Southern District of New York, respectfully submits this response to Defendants' Notice of Supplemental Authority (Dkt. No. 226) ("Notice") regarding the Fifth Circuit's recent decision in *VanDerStok v. Garland*, 86 F.4th 179 (5th Cir. 2023). In *VanDerStok*, the Fifth Circuit held the regulation enacted by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") defining the statutory terms "firearm" and "frame or receiver," Final Rule, Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24652 (effective Aug. 24, 2022) (the "Rule"), exceeded ATF's statutory authority.

The *VanDerStok* opinion is neither binding nor persuasive for three reasons.

First, ATF's definition of "frame or receiver" to include certain partially complete or unfinished frames or receivers is a straightforward and correct interpretation of the Gun Control Act ("GCA"), 18 U.S.C. § 921(a)(3)(B). As the Government set forth in its prior memorandum of law (Dkt. No. 204) ("Br."), the "frame or receiver" definition accords with Congressional intent and decades of ATF practice and judicial decisions. (Br. at 30-34.) Section 921(a)(3)(B) provides that the term "firearm" includes "the frame or receiver of any such weapon" described in

subsection (A). The *VanDerStok* Court and Defendants make much of the fact that this language does not include the terms "is designed to or may readily be converted to," which appear in subsection (A). But this argument proceeds from the incorrect premise that § 921(a)(3)(B) defines "frame or receiver" and so some inference may be drawn from the nonexistence of "readily" language in that provision. However, subsection (B) does not purport to provide any definition of "frame" or "receiver," leaving it to ATF to do so in interpreting the statutory terms, which it has done according to their plain meaning. And it is implausible to think that Congress precluded ATF from following the statute's lead and determining that a "frame" and "receiver" includes disassembled or nonfunctional frames or receivers that may "readily" be converted to functional ones.[1] Accordingly, ATF properly exercised its statutory authority to define "frame or receiver" in a manner consistent with the statutory scheme, common sense, and longstanding principles.

Second, ATF correctly interpreted "firearm" to include weapons parts kits. (Br. 27-30.) The GCA defines firearms to include any weapon that "is designed to or may readily be converted to" expel a projectile. 18 U.S.C. § 921(a)(3)(A). The Fifth Circuit in *VanDerStok* itself acknowledged longstanding precedents holding that disassembled firearms are "firearms" under this provision. *See* 86 F.4th at 193-94 (citing *United States v. Ryles*, 988 F.2d 13, 16 (5th Cir. 1993)). And as the Government has long acknowledged, the GCA does not define individual firearm parts as "firearms." *See id.* at 192 n.16 (citing Gov't's Mot. to Dismiss, *California v. ATF*, No. 3:20-cv-06761, 2020 WL 9849685 (N.D. Cal. Nov. 30, 2020)). The *VanDerStok* Court treated this acknowledgement as evidence of an improper volte-face, but what it reflects is that what may

---

[1] The argument that the statute implies a requirement of strict completeness for frames or receivers would raise its own questions of line-drawing: Defendants would presumably not argue, for example, that placing a sticker or a plastic tab over the fire control cavity that could be peeled off in seconds places a frame or receiver outside the ambit of Section 922(a)(3)(B).

be "readily converted" into a firearm lies somewhere between an individual part and a complete and assembled firearm. That is precisely the sort of line-drawing exercise entrusted to ATF's expertise, and ATF acted reasonably in determining that weapons parts kits fall within the statutory language.

Third, after the district court in *VanDerStok* vacated the Rule, the Supreme Court stayed that vacatur. *Garland v. VanDerStok*, No. 23A82 (Aug. 8, 2023). The district court subsequently entered a plaintiff-specific injunction pending appeal in *VanDerStok*, and the Supreme Court vacated that injunction. *Garland v. Blackhawk*, No. 23A302 (Oct. 16, 2023). The Supreme Court has therefore twice found at least "a fair prospect that the Court would reverse" decisions adopting Defendants' arguments in granting emergency relief in *VanDerStok*. *Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring).

Accordingly, and for the reasons set forth the Government's prior brief, the Court should deny Defendants' motions to dismiss insofar as they challenge the constitutionality of the Gun Control Act and the Rule or challenge the Rule's consistency with the Act.

Dated: November 30, 2023
      New York, New York

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:  /s/ *Lucas Issacharoff*
LUCAS ISSACHAROFF
JEANNETTE VARGAS
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2800
lucas.issacharoff@usdoj.gov
jeannette.vargas@usdoj.gov