UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>        Plaintiff,<br><br>      v.<br><br>ARM OR ALLY, LLC; BLACKHAWK MANUFACTURING GROUP, INC., A/K/A 80 PERCENT ARMS, INC. OR 80 PERCENT ARMS; SALVO TECHNOLOGIES, INC., A/K/A 80P BUILDER OR 80P FREEDOM CO.; BROWNELLS, INC., A/K/A BROWNELLS OR BOB BROWNELL'S; GS PERFORMANCE, LLC, A/K/A GLOCKSTORE OR GSPC; INDIE GUNS, LLC; KM TACTICAL; PRIMARY ARMS, LLC; RAINIER ARMS, LLC; AND ROCK SLIDE USA, LLC,<br><br>        Defendants. | Case No. 22-cv-06124 (JMF) |

**RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Brownells, Inc., a/k/a Brownells or Bob Brownell's, Salvo Technologies, Inc., a/k/a 80P Builder or 80P Freedom Co., Primary Arms, LLC, and Rock Slide USA, LLC (together, "Defendants"), respectfully submit this Response to the State's Notice of Supplemental Authority (ECF No. 228) filed in response to Defendants' Notice of Supplemental Authority (ECF No. 226) concerning *VanDerStok v. Garland*, 86 F.4th 179 (5th Cir. 2023). In its letter, in addition to addressing *VanDerStok*, the State brings to the Court's attention three recent out-of-district decisions that purportedly bear on this case. But for the reasons explained below, these cases are distinguishable and not persuasive.

First, in *National Shooting Sports Foundation v. Attorney General of New Jersey*, 80 F.4th 215, 217–18, 223 (3d Cir. 2023), the Third Circuit vacated the district court's preliminary injunction of a New Jersey law substantially similar to New York General Business Law §§ 898-a–e and remanded with instructions to dismiss the case for lack of standing. Although the district court had determined that New Jersey's law was preempted by the PLCAA because it did not fall within the PLCAA's predicate exception, *Nat'l Shooting Sports Found., Inc. v. Platkin*, No. 22-cv-6646, 2023 WL 1380388, at *3–7 (D.N.J. Jan. 31, 2023), the Third Circuit did not address that question in its opinion, resting its ruling solely on NSSF's lack of standing, *see* 80 F.4th at 218–23. The same pre-enforcement standing issue is not present here: New York sued Defendants, and Defendants are arguing that §§ 898-a–e are preempted as part of their defense of this case. Furthermore, although the Third Circuit vacated the district court's preliminary injunction, the Third Circuit did not address the PLCAA preemption question whatsoever, so the district court's analysis retains its persuasive force.

Second, in *United States v. Rare Breed Triggers, LLC*, No. 23-cv-369, 2023 WL 5689770, at *1 (E.D.N.Y. Sept. 5, 2023), the district court granted the United States' motion for a preliminary injunction prohibiting the defendants from selling "'forced-reset trigger[s]' that gun owners can install on an AR-15-style rifle to accelerate the weapon's rate of fire," determining that those devices were likely illegal machineguns under the relevant federal laws and regulations, *id.* at *15–25. The court also held that the government was likely to succeed on the merits of its claims that defendants committed mail and wire fraud, determining that the record contained "compelling evidence that [d]efendants misled their customers as to the legality of the [product at issue]—that is, they knew that the [product] was almost certainly an illegal product, yet they told their customers the opposite." *Id.* at *34. The State argues that *Rare Breed Triggers* bears on this case

because it purportedly involved "misrepresentations of legality analogous to the ones made by the defendants in this case," Pl.'s Resp. to Defs.' Not. of Suppl. Auth. at 2 (Dec. 1, 2023), ECF No. 228, but that is not so. The district court made its finding in this regard only after concluding that the defendants lacked any good faith basis for claiming that the product in question was not a "machine gun" under federal law. *See Rare Breed Triggers*, 2023 WL 5689770, at *26–34. Here, in contrast, the State has not even argued that Defendants failed to act in good faith, and any such argument would be utterly without merit given that Defendants acted in reliance on then-controlling ATF guidance that said that the specific products in question are not "firearms" under federal law.[1] Furthermore, here, unlike in *Rare Breed Triggers*, Defendants have raised a First Amendment defense, arguing that the State seeks to hold them liable for non-actionable statements of opinion that the First Amendment protects.[2] In the end, *Rare Breed Triggers* is instructive only for its contrast with this case. There, the defendants were sued for defying ATF guidance and an ATF cease-and-desist order and defendants raised no First Amendment defense; here, the State is suing Defendants for strictly complying with then-operative ATF guidance, and Defendants have raised a First Amendment defense.

Third, in *Minnesota v. Fleet Farm LLC*, No. 22-cv-2694, 2023 WL 4203088, at *1 (D. Minn. June 27, 2023), the district court declined to dismiss the case as preempted by the PLCAA, determining that Minnesota's negligence, public nuisance, and aiding-and-abetting claims based on defendants' alleged sales of firearms to straw purchasers, fell under the PLCAA's predicate exception, *id.* at *9–10. Respectfully, this Court should not follow *Fleet Farm*'s reasoning because

---

[1] Def. Brownells, Inc.'s Mot. to Dismiss Pl.'s Second Am. Compl. at 3–4, 14–16 (Apr. 19, 2023), ECF No. 175 ("Brownells Br."); Reply Mem. of Law in Further Supp. of Def. Brownells, Inc.'s Mot. to Dismiss Pl.'s Second Am. Compl. at 9–11 (August 11, 2023), ECF No. 214 ("Brownells Reply").

[2] Brownells Br. at 50–53; Brownells Reply at 30–32.

3

it is contrary to *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 400 (2d Cir. 2008), which held that "a statute of general applicability that does not encompass the conduct of firearms manufacturers" is not a predicate statute. It is not enough that a statute is so general that it could be read to encompass firearms manufacturers or sellers along with the general public; a predicate statute must be legislatively directed toward the purchase and sale of firearms. *See id.* at 400–04. As Defendants have argued,[3] statutes of general applicability are not valid predicate statutes under the PLCAA, and the State's illegal acts and misrepresentation claims are based on statutes of general applicability; the State's nuisance claims are unmoored common law claims the PLCAA prohibits; the State fails to allege any *knowing* violations, a requirement for the PLCAA's predicate exception to apply; and the operative complaint fails to satisfy the predicate exception's proximate cause requirement. Furthermore, as Defendants' briefing makes clear,[4] *Fleet Farm* is an outlier: its reasoning is out of step with *Beretta* and other cases interpreting the PLCAA's predicate exception.

Accordingly, the three decisions the State brings to the Court's attention do not change the analysis of Defendants' motions to dismiss the State's Second Amended Complaint.

---

[3] Brownells Br. at 22–37; Brownells Reply at 12–20.

[4] *Id.*

Dated: December 14, 2023

Respectfully Submitted,

/s/ David H. Thompson
**COOPER & KIRK, PLLC**
David H. Thompson*
Brian W. Barnes*
1523 New Hampshire Ave., NW
Washington, DC 20036
Phone: (202) 220-9600
dthompson@cooperkirk.com
bbarnes@cooperkirk.com
* Admitted *pro hac vice*

*Attorneys for Defendant Brownells, Inc., a/k/a Brownells or Bob Brownell's; Salvo Technologies, Inc., a/k/a 80P Builder or 80P Freedom Co.; Primary Arms, LLC; and Rock Slide USA, LLC*