UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>                    Plaintiff,<br><br>         -against-<br><br>ARM OR ALLY, LLC; BLACKHAWK MANUFACTURING GROUP, INC., a/k/a 80 Percent Arms, Inc. or 80 Percent Arms; SALVO TECHNOLOGIES, INC., a/k/a 80P Builder or 80P Freedom Co.; BROWNELLS INC., a/k/a Brownells or Bob Brownell's; GS PERFORMANCE, LLC, a/k/a Glockstore or GSPC; INDIE GUNS, LLC; KM TACTICAL; PRIMARY ARMS, LLC; RAINIER ARMS, LLC; and ROCK SLIDE USA, LLC,<br><br>                    Defendants. | Case No. 22-cv-06124 (JMF) |

**[PROPOSED] DEFAULT JUDGMENT**

**JESSE M. FURMAN, UNITED STATES DISTRICT JUDGE:**

**WHEREAS**, on June 29, 2022, plaintiff, the State of New York (the "State"), filed the instant lawsuit in New York Supreme Court against defendant Indie Guns, LLC ("Indie Guns") and nine other defendants;

**WHEREAS**, Indie Guns was properly served with the summons and complaint on July 6, 2022,

**WHEREAS**, the instant lawsuit was removed to this Court on July 19, 2022;

**WHEREAS**, the State served its Second Amended Complaint on Indie Guns on March 21, 2023, via hand delivery to its principal officer at Indie Guns' office location, and Indie Guns has

not answered or otherwise responded to the Second Amended Complaint, and the time to do so has lapsed;

**WHEREAS**, the Court granted the motion of Indie Guns' attorneys to withdraw as counsel on March 6, 2023 and directed Indie Guns to retain new counsel as "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983);

**WHEREAS**, no counsel has appeared on behalf of Indie Guns in this action since March 6, 2023;

**WHEREAS**, Indie Guns has not responded to the State's propounded discovery and has not produced a log of documents that it has destroyed, despite this Court's order to do so;

**WHEREAS**, the clerk entered a certificate of default as to Indie Guns on January 26, 2024;

**WHEREAS**, on February 5, 2024, the State filed a Motion for a Default Judgment against Indie Guns (the "Motion"); and

**WHEREAS**, the Court, having considered the Motion and the documents filed therewith, as well as other papers and proceedings in this action, finds good cause to grant the Motion and to enter a default judgment against Indie Guns, because:

1. Indie Guns defaulted in this action by not answering or moving to dismiss the operative pleading, the State's Second Amended Complaint;

2. Indie Guns, a limited liability company, defaulted in this action by willfully failing to timely appear through counsel, as ordered by the Court;

3. Indie Guns has not responded to validly propounded discovery and has not produced a log of documents that it has destroyed, as the Court ordered it to do;

4. The uncontroverted allegations of the Second Amended Complaint establish Indie Guns' liability under Section 63(12) of the New York Executive Law, insomuch as they establish that Indie Guns engaged in repeated illegal acts;

5. The uncontroverted allegations of the Second Amended Complaint establish that Indie Guns negligently entrusted unfinished frames and receivers to those it knew were likely to use them in a dangerous manner;

6. Disgorgement of profits is an appropriate remedy in this matter, and the evidence introduced by the State establishes that Indie Guns made at least $3,923,200 in illegal profits;

7. Indie Guns' willful conduct, as alleged in the Second Amended Complaint, shows a complete disregard for the safety of New Yorkers and for this Court's authority, making punitive damages in the same amount appropriate; and

8. The State has shown a reasonable likelihood that Indie Guns will continue to violate local, state, and federal laws, which is a basis for issuing an injunction under Section 63(12) of the Executive Law.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, pursuant to Federal Rules of Civil Procedure 55 and 65, that:

1. The State's Motion for a Default Judgment is **GRANTED**.

2. Judgment is entered in favor of the State and against Indie Guns in the amount of $7,846,400, along with post-judgment interest pursuant to 28 U.S.C. 1961 ~~and costs to be borne by Indie Guns~~.

3. Defendant Indie Guns is permanently restrained and enjoined from selling, delivering, or otherwise disposing of any "unfinished frames or receivers" as defined below to any address located within New York State.

    a. "Disposing of" means to "dispose of, give, give away, lease, loan, keep for sale, offer, offer for sale, sell, transfer and otherwise dispose of" and shall be interpreted to have the same meaning as N.Y. Penal Law § 265.00(6).

    b. A "frame" is part of a handgun, or variants thereof, that provides housing or a structure for the component (i.e., sear or equivalent) designed to hold back the hammer, striker, bolt, or similar primary energized component prior to initiation of the firing sequence, even if pins or other attachments are required to connect such component (i.e., sear or equivalent) to the housing or structure and shall be interpreted to have the same meaning as 27 C.F.R. § 478.12(a)(1). A "receiver" is part of a rifle, shotgun, or projectile weapon other than a handgun, or variants thereof, that provides housing or a structure for the primary component designed to block or seal the breech prior to initiation of the firing sequence (i.e., bolt, breechblock, or equivalent), even if pins or other attachments are required to connect such component to the housing or structure and shall be interpreted to have the same meaning as 27 C.F.R. § 478.12(a)(1).

    c. "Serialized" means bearing a visible identification number and/or symbol in accordance with the requirements imposed on licensed importers and licensed manufacturers pursuant to subsection (i) of Section 923 of Title 18 of the United States Code and regulations issued pursuant thereto in effect at the time of assembly, except for antique firearms as defined by N.Y. Penal Law §

265.00(14) or any firearm, rifle or shotgun manufactured prior to nineteen hundred sixty-eight and shall be interpreted to have the same meaning as N.Y. Penal Law § 265.00(8-a).

   d. "Unserialized" means not bearing a visible identification number and/or symbol in accordance with the requirements imposed on licensed importers and licensed manufacturers pursuant to subsection (i) of Section 923 of Title 18 of the United States Code and regulations issued pursuant thereto.

   e. An "unfinished frame or receiver" is any unserialized material that does not constitute the frame or receiver of a firearm, rifle or shotgun but that has been shaped or formed in any way for the purpose of becoming the frame or receiver of a firearm, rifle or shotgun, and which may readily be made into a functional frame or receiver through milling, drilling or other means and shall be interpreted to have the same meaning as N.Y. Penal Law § 265.00(32).

4. Any failure to comply with the terms of this Order shall constitute contempt of court and may subject Indie Guns to monetary or other penalties.

5. The Court retains jurisdiction over this action in order to enforce this Order.

6. There being no just reason for delay, the Clerk of Court is directed to enter this judgment notwithstanding the fact that the case remains pending against other Defendants. *See* Fed. R. Civ. P. 54(b). The Clerk of Court is further directed to terminate Indie Guns as a party.

Dated: March 4, 2024

THE HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE