STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

EXECUTIVE OFFICE

March 25, 2024

**VIA ECF**

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2203
New York, New York 10007

> As discussed during the telephone conference held yesterday, the parties' proposed briefing schedule for Defendants' anticipated motion for certification of an interlocutory appeal is adopted. If the United States wishes to be heard on that motion, it shall file its submission by the deadline for Plaintiff's opposition. The case is otherwise stayed (except as set forth in the parties' letter below). The Court defers to the Second Circuit to decide whether to adopt the parties' proposed briefing schedules for any and all appeals.
>
> SO ORDERED.
> [signature]
> March 27, 2024

Re:   *State of New York v. Arm or Ally, LLC, et al.*, No. 22-cv-06124-JMF

Dear Judge Furman,

I write on behalf of all parties in the above-captioned case to propose a briefing schedule, pursuant to your March 21, 2024 order (ECF No. 259).

The parties have conferred and propose the following schedules for briefing the Defendants' appeal of this Court's decision on their motion to dismiss (ECF No. 245):

First, the Defendants shall file their opening brief at the Second Circuit on May 6, 2024, in their appeal under the collateral order doctrine; the State shall file its brief on June 20, 2024, and the Defendants' reply brief will be due on July 8, 2024. The State has reserved its right to oppose the appeal on all available grounds, including lack of appellate jurisdiction.

Second, with respect to the anticipated motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), Defendants shall move to certify no later than April 9, 2024. Plaintiff shall have until April 23, 2024, to oppose that motion, and Defendants shall have until April 30, 2024, to reply.

Third, in the event this Court elects to certify its decision on the Defendants' motion to dismiss for interlocutory review and the Second Circuit grants the petition for permission to appeal pursuant to Federal Rule of Appellate Procedure 5, Defendants' opening brief shall be due 45 days after the Second Circuit's order granting permission to appeal, the State's brief shall be due 45 days after that, and the Defendants' reply brief be due 14 days thereafter. Defendants agree that they will withdraw the noticed appeal should this Court grant their motion for interlocutory certification and the Second Circuit grant permission to appeal.

The State consents to a stay of district court proceedings, including Defendants' answer deadline, until the Second Circuit issues its mandate resolving Defendants' appeal from this Court's February 23, 2024, order. However, the parties agree that any stay would not deprive the district court of jurisdiction with

respect to the enforcement of the injunction against shipments of unfinished frames or receivers into New York State (ECF No. 156). The parties have also agreed that the State may propound limited interrogatories so that settlement discussions may proceed during the pendency of the appeals.

In response to Your Honor's inquiry (ECF No. 261), the parties have also conferred with respect to the scope of the district court's jurisdiction following Defendants' notice of interlocutory appeal. There is no binding Second Circuit law on the question of whether and to what extent a notice of interlocutory appeal involving claims of "immunity from suit" divests the district court of jurisdiction. *See generally National Rifle Ass'n of Am. v. Cuomo*, 1:18-CV-0566, 2022 WL 152534, at *1-2 (N.D.N.Y. Jan. 18, 2022) (discussing interlocutory qualified immunity appeals). There is a division of authority between district courts within the Second Circuit as to whether to apply a "divestiture" rule, a "dual jurisdiction" rule for interlocutory appeals certified as frivolous, or to consider a request for a stay of district court proceedings as a matter of discretion. *See id.* (summarizing cases).

The State's position is that this Court's denial of defendants' affirmative defense under the Protection of Lawful Commerce in Arms Act is not appealable under the collateral order doctrine and there is no basis for pendent appellate jurisdiction with respect to Defendants' appeal from this Court's ruling that Defendants' products are "firearms" within the meaning of the federal Gun Control Act. However, the State wishes to avoid burdening this Court and the Second Circuit with motion practice. Therefore, in the interests of judicial efficiency, the State urges this Court to grant the stay proposed by the parties as a matter of its discretion, which will permit the parties to resolve the pending appeal expeditiously.

Defendants agree with the State that the Court need not decide whether it retains jurisdiction given the parties' joint request for a stay. Defendants disagree with the State about the appealability of the Court's motion to dismiss ruling under the collateral order doctrine. It is true that the district court concluded that it retained jurisdiction despite a pending interlocutory PLCAA appeal in *City of New York v. Beretta U.S.A. Corp.*, 234 F.R.D. 46, 52 (E.D.N.Y. 2006). But the court in that case did not have the benefit of more recent appellate precedent, including Second Circuit precedent, that supports the argument that the PLCAA confers immunity that is analogous to other types of immunity that provide a basis for appeal under the collateral order doctrine. *See City of New York v. Beretta*, 524 F.3d 384, 389-90 (2d Cir. 2008) (the PLCAA "immunizes a specific type of defendant from a specific type of suit" and "bars the commencement or the prosecution of qualified civil liability actions"); *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1142 (9th Cir. 2009) (the PLCAA "creates a substantive rule of law granting immunity to certain parties against certain types of claims"); *see also In re Academy, Ltd.*, 625 S.W. 3d 19, 34-35 (Tex. 2021) (granting mandamus where state trial court refused to dismiss case under PLCAA based in part on analogy to federal collateral order doctrine). Defendants' position is that the Court's jurisdiction during the pendency of the appeal is limited to the same extent and by the same principles that limit a district court's jurisdiction during the pendency of a collateral order doctrine appeal from a denial of qualified immunity.

Thank you for your consideration of this request.

Respectfully submitted,

*Molly Thomas-Jensen*

Molly Thomas-Jensen
Special Counsel