**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>    Plaintiff,<br><br> v.<br><br>ARM OR ALLY, LLC; BLACKHAWK MANUFACTURING GROUP, INC., A/K/A 80 PERCENT ARMS, INC. OR 80 PERCENT ARMS; SALVO TECHNOLOGIES, INC., A/K/A 80P BUILDER OR 80P FREEDOM CO.; BROWNELLS, INC., A/K/A BROWNELLS OR BOB BROWNELL'S; GS PERFORMANCE, LLC, A/K/A GLOCKSTORE OR GSPC; INDIE GUNS, LLC; KM TACTICAL; PRIMARY ARMS, LLC; RAINIER ARMS, LLC; AND ROCK SLIDE USA, LLC,<br><br>    Defendants. | Case No. 22-cv-06124 (JMF) |

**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANTS' REQUEST FOR CERTIFICATION**
**PURSUANT TO 28 U.S.C. § 1292(b)**

**TABLE OF CONTENTS**

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .....................................................................................................................1

ARGUMENT .............................................................................................................................2

    I.      The Criteria for 28 U.S.C. § 1292(b) Certification Are Satisfied. ................................2

    A.  The Court's Order Decides Controlling Questions of Law on Which There Are Substantial Grounds for Differences in Opinion. ................................................................4

    B.  An Immediate Appeal Would Materially Advance this Litigation. ....................................9

CONCLUSION ........................................................................................................................11

## TABLE OF AUTHORITIES

**Cases**                                                           **Page**

*Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*,
    No. 1:12-cv-8852-JMF, 2014 WL 1881075 (S.D.N.Y. May 9, 2014) ...................4, 9, 10

*Balintulo v. Daimler AG*,
    727 F.3d 174 (2d Cir. 2013)....................................................................................3

*Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*,
    321 B.R. 147 (D.N.J. 2005) ....................................................................................4, 5

*Capitol Recs., LLC v. Vimeo, LLC*,
    972 F. Supp. 2d 537 (S.D.N.Y. 2013)....................................................................4

*City of New York v. Beretta USA Corp.*,
    524 F.3d 384 (2d Cir. 2008)....................................................................................2

*Clinton v. Jones*,
    520 U.S. 681 (1997)................................................................................................1

*In re A2P SMS Antitrust Litig.*,
    No. 1:12-cv-2656-AJN, 2015 WL 876456 (S.D.N.Y. Mar. 2, 2015)..................4

*Koehler v. Bank of Bermuda Ltd.*,
    101 F.3d 863 (2d Cir. 1996)....................................................................................9

*Liberty Synergistics Inc. v. Microflo Ltd.*,
    718 F.3d 138 (2d Cir. 2013)....................................................................................1, 2, 3

*Morley v. Ciba-Geigy Corp.*,
    66 F.3d 21 (2d Cir. 1995) ........................................................................................1, 2

*Nat'l Shooting Sports Found. v. N.J. Att'y Gen.*,
    80 F.4th 215 (3d Cir. 2023) ....................................................................................6, 7

*Nat'l Shooting Sports Found. v. Platkin*,
    No. 3:22-cv-6646-ZNQ-TJB, 2023 WL 1380388 (D.N.J. Jan. 31, 2023)........6, 7

*Travieso v. Glock Inc.*,
    526 F. Supp. 3d 533 (D. Ariz. 2021) ....................................................................7, 8

*VanDerStok v. Garland*,
    86 F.4th 179 (5th Cir. 2023) ....................................................................................5

*Weber v. United States*,
    484 F.3d 154 (2d Cir. 2007)....................................................................................1

**Codes**

15 U.S.C.
        §§ 7901–7903................................................................................................1
        § 7902(a) ......................................................................................................6
        § 7903(5)(A) ................................................................................................6

18 U.S.C. § 921(a)(3) ............................................................................................................... 1

28 U.S.C. § 1292(b) ................................................................................................................ 6

**Other Authorities**

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 15.11 (2004) .................................................... 3, 6

## INTRODUCTION

Immediate appeals under 28 U.S.C. § 1292(b) "assure the prompt resolution of knotty legal problems." *Weber v. United States*, 484 F.3d 154, 159 (2d Cir. 2007). Ordinarily, courts must balance that aim against the "powerful interest in avoiding the waste of time and the delay in reaching trial finality … when piecemeal appeals are permitted." *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 146 (2d Cir. 2013) (cleaned up). This is the rare case in which *both* interests point in the same direction: an immediate appeal under Section 1292(b) would resolve thorny and difficult legal questions *and* would serve the efficiency interests that normally limit immediate appeals under Section 1292(b).

This case presents at least two sets of threshold issues that counsel strongly toward certification. First, the threshold merits question of whether unfinished frames or receivers fit within the definition of "firearms" under the relevant statutory and regulatory frameworks at all. *See* 18 U.S.C. § 921(a)(3). And second, the threshold question whether certain Defendants are entitled to immunity from suit under the Protection of Lawful Commerce in Arms Act ("PLCAA") if unfinished frames or receivers are determined to be firearms. *See generally* 15 U.S.C. §§ 7901–7903.

The Court of Appeals is already slated to consider Defendants' pending interlocutory appeal of this Court's PLCAA immunity ruling under the collateral doctrine.[1] Second Circuit

---

[1] In the interlocutory appeal pending before the Second Circuit, Defendants KM Tactical and Rock Slide USA do not intend to argue that they are entitled to PLCAA immunity, given that they do not hold Federal Firearm Licenses. *See* Mot. to Dismiss Order at 6, 24 n.9, Doc. 245 (Feb. 23, 2024) ("MTD Order"). However, both Defendants will argue that they are subject to the Court of Appeal's pendent appellate jurisdiction. *See Clinton v. Jones*, 520 U.S. 681, 707 n.41 (1997) (affirming jurisdiction to review one party's appeal as pendent to another party's immunity appeal); *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 22 n.1 (2d Cir. 1995) (exercising pendent jurisdiction over a party who could not otherwise immediately appeal where a related party could

precedent strongly supports the conclusion that denials of PLCAA immunity are subject to immediate appeal under the collateral order doctrine. *See City of New York v. Beretta USA Corp.*, 524 F.3d 384, 398 (2d Cir. 2008) (PLCAA "immunizes a specific type of defendant from a specific type of suit" and "bars the commencement or the prosecution of qualified civil liability actions"). Even so, the State has signaled that it intends to dispute the Second Circuit's appellate jurisdiction, and Defendants acknowledge that the question has not been definitively resolved by the Second Circuit. Should the Court of Appeals ultimately find that it lacks appellate jurisdiction under the collateral order doctrine, the parties will have expended significant resources, and this litigation will have stalled, with no progress made on the principal merits or immunity questions. Should this Court certify its motion to dismiss ruling under Section 1292(b), however, the Court of Appeals can assure itself of its own appellate jurisdiction without deciding the unsettled jurisdictional question about the availability of interlocutory review for denials of PLCAA immunity. Further, the Court of Appeals could address both the threshold immunity issues *and* other merits issues in one round of appellate review. Under these particular circumstances, efficiency interests—including the policy against piecemeal appeals—strongly support certification.

## ARGUMENT

**I.    The Criteria for 28 U.S.C. § 1292(b) Certification Are Satisfied.**

"Title 28 U.S.C. § 1292(b) provides that a district court may certify [an order] for immediate appellate review . . . if the court is 'of the opinion that such order involves a controlling

---

immediately appeal under the collateral order doctrine "since the issues in the present case are substantially the same"); *id.* ("[W]e exercise our discretion to accept pendent appellate jurisdiction, and we allow plaintiff to appeal immediately as well.").

2

question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]'" *Liberty Synergistics*, 718 F.3d at 146 n.8 (quoting 28 U.S.C. § 1292(b)). The Court of Appeals can then, "in its discretion, permit an appeal to be taken from such order." *Id.* The Second Circuit has emphasized: "When a ruling satisfies these criteria and 'involves a new legal question or is of special consequence,' then the district court 'should not hesitate to certify an interlocutory appeal.'" *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009)). In particular, Section 1292(b) was "[a]dopted with complex litigation in mind," especially as to orders involving "pivotal claims or defenses." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 15.11 (2004).

All of those criteria are satisfied here. Both the immunity issue and the definitional merits issue present controlling questions of law on which there is a substantial ground for differences of opinion. Indeed, courts have already reached differing conclusions on both sets of issues, which present novel questions on pivotal claims and defenses. Further, an immediate appeal would materially advance this litigation. If the order were certified, the Court of Appeals could be assured of its appellate jurisdiction, and could address both the immunity questions and the merits questions at issue in this case without the need for multiple rounds of appellate review. Denying certification, meanwhile, could result in piecemeal appeals—the very thing Section 1292(b) seeks to avoid. Without certification, the Court of Appeals would have to expend resources to assure itself of its own jurisdiction in the currently pending collateral order doctrine interlocutory appeal, and may not reach the merits or immunity issues *at all* in this round of appellate review if it agrees with the State's jurisdictional argument. The parties and this Court would then be back where they

3

started, several months later and with no appellate clarification on the thorny legal questions at issue in this case.

Although a strong showing on only one factor can justify certification, *see Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, No. 1:12-cv-8852-JMF, 2014 WL 1881075, at *2 (S.D.N.Y. May 9, 2014) (Furman, J.) ("[F]ailure to satisfy one of the factors is not fatal to certification, particularly when other factors strongly counsel in favor of a consolidated appeal[.]" (cleaned up)), all the factors point toward certification here. Indeed, both the traditional Section 1292(b) factors and Section 1292(b)'s underlying efficiency principles counsel strongly toward certification.

### A. The Court's Order Decides Controlling Questions of Law on Which There Are Substantial Grounds for Differences in Opinion.

To decide "whether a controlling question of law exists," district courts consider whether "even though not resulting in dismissal," reversal of the order "could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." *In re A2P SMS Antitrust Litig.*, No. 1:12-cv-2656-AJN, 2015 WL 876456, at *3 (S.D.N.Y. Mar. 2, 2015) (internal quotation marks omitted). In addition, courts consider whether review of the order presents "a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Id.* at *4 (internal quotation marks omitted). This element of certification "is met when (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Capitol Recs., LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (internal quotation marks omitted). Where a case presents a novel question, a substantial ground for difference of opinion exists, "because precedent

bearing on the matter is relatively thin." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005).

These criteria are met here. At least two controlling questions of law in the Court's order justify certification.

*First*, the threshold interpretive question of whether unfinished frames or receivers qualify as "firearms" under 18 U.S.C. § 921(a)(3) is a question of law; in particular, a question of statutory interpretation. *See* MTD Order at 15 ("[T]he Court disagrees with the Moving Defendants as a matter of statutory interpretation."). Defendants' arguments were "mostly based on the text of the relevant statutes," *id.* at 12; *see also id.* at 14 & n.6 (analyzing dictionary definition for the meaning of "weapon"); *id.* at 15 (analyzing the Senate Legislative Drafting Manual and other sources on statutory meaning). Whether unfinished frames or receivers are properly defined as firearms under Section 921(a) is directly controlling, as most of the allegedly unlawful conduct identified in the operative complaint could only have been unlawful if the State's interpretation of "firearm" in Section 921(a)(3) is correct.

This is also a question on which reasonable jurists can—and have—disagreed. In *VanDerStok v. Garland*, the Court of Appeals for the Fifth Circuit reached the opposite conclusion of this Court's order. 86 F.4th 179 (5th Cir. 2023). The Fifth Circuit held that the Bureau of Alcohol, Tobacco, Firearms, and Explosives' ("ATF's") final rule defining terms "firearm" and "frame or receiver" as including partially complete, disassembled, or nonfunctional frames or receivers and weapon parts kits exceeded ATF's statutory authority. More specifically, the Fifth Circuit found that "Congress explicitly declined to use" the phrase "designed to or may readily be converted" in subsection (B) of Section 921(a)(3). *Id*. at 189 (internal quotation marks omitted). This Court acknowledged and disagreed with that analysis. *See* MTD Order at 16 ("[T]his aspect

of the Fifth Circuit's opinion is neither binding nor persuasive." (cleaned up)). That express disagreement underscores the "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). This Court's order departed with a published opinion of a federal Court of Appeals. Not only are there "ground[s]" for disagreement—there *is* disagreement.

*Second*, *if* unfinished frames or receivers are found to be firearms, the threshold question whether certain Defendants are immune from suit under the PLCAA is a pure question of law and a "pivotal … defense[]," MANUAL FOR COMPLEX LITIGATION (FOURTH) § 15.11 (2004), assuming unfinished frames or receivers are determined to be firearms. The PLCAA bars any "qualified civil liability action," 15 U.S.C. § 7902(a), including "a civil action . . . brought by any person against a manufacturer or seller of a qualified product . . . for damages, punitive damages, injunctive or declaratory relief, abatement, restitution, fines, or penalties, or other relief, resulting from the criminal or unlawful misuse of a qualified product by the person or a third party[.]" *Id.* § 7903(5)(A). Defendants argued that the PLCAA bars *all* of the State's claims except the negligence per se claim. MTD Order at 24. Thus, the legal question of PLCAA immunity is directly controlling (indeed, potentially dispositive) to the majority of this suit.

In addition, there is substantial difference in opinion on the scope of PLCAA immunity in this context. This Court held that "none of the State's claims are preempted by the PLCAA." *Id.* at 32. But another federal district court recently reached an opposite conclusion. The District of New Jersey, in enjoining a New Jersey public nuisance law aimed at the gun industry, found that the PLCAA preempted the State's effort. *See Nat'l Shooting Sports Found. v. Platkin*, No. 3:22-cv-6646-ZNQ-TJB, 2023 WL 1380388, at *5–7 (D.N.J. Jan. 31, 2023), *vacated and remanded sub nom. Nat'l Shooting Sports Found. v. N.J. Att'y Gen.*, 80 F.4th 215 (3d Cir. 2023). The Court reasoned that subjecting "manufacturers, distributors, dealers, and importers of firearms or

6

ammunition products and their trade associations to civil liability for the harm solely caused by the criminal or unlawful misuse of firearm or ammunition products by others," *id*. at *7, would be "*in direct conflict* with the PLCAA's purpose." *Id.* (emphasis added). The Court further concluded: "Congress's intent here is clear." *Id.* "The PLCAA's purpose is to 'prohibit causes of action against manufacturers, distributors, dealers, and importers of firearms . . . for the harm solely caused by the criminal or unlawful misuse of firearm products or ammunition products by others *when the product functioned as designed and intended.*'" *Id.* (emphasis added). And to overread the "predicate exception" would "run afoul of the goals of the PLCAA and would, in fact, 'gut the PLCAA.'" *Id.* Although the Third Circuit later vacated the opinion on justiciability grounds not relevant to the interpretation of the PLCAA, *see Nat'l Shooting Sports Found.*, 80 F.4th at 217 ("[W]e see little evidence that enforcement is looming[.]"), the differing approaches to the scope of PLCAA immunity, including whether to credit its broadly stated purpose and how narrowly to confine its exceptions, demonstrates starkly the grounds for differing opinions on this interpretive question.

      Defendants' arguments for PLCAA immunity are substantial, so the grounds for difference in opinion make sense. As Defendants explained, the State's argument that its claims are based on "Defendants' own direct conduct that violates specific state, federal, and local laws[,]" and therefore "this case falls outside PLCAA's scope," N.Y. Mot. to Dismiss Resp. at 13–15, Doc. 205 (June 16, 2023), raises serious interpretive questions in light of the statute's other provisions and the broader statutory scheme. Specifically, the State's argument would render the predicate exception superfluous. If the PLCAA simply did not apply to cases alleging wrongful conduct by a manufacturer or seller itself, as the State asserts, then the predicate exception permitting suits for

a seller's *knowing* violation of certain state or federal gun laws would be unnecessary. *See Travieso v. Glock Inc.*, 526 F. Supp. 3d 533, 543–44 (D. Ariz. 2021).

On that point, this Court emphasized the word "*solely*" in the prohibition on causes of action "for the harm *solely* caused by the criminal or unlawful misuse of firearm products." MTD Order at 24 (emphasis in original); *see also id.* at 25 ("That is enough to reject the Moving Defendants' PLCAA arguments as to the State's claims under Executive Law Section 63(12) and General Business Law Sections 349 and 350."). But another federal district court analyzing the same language reached an opposite conclusion. The *Travieso* Court explained: if "the PLCAA only bars cases where the harm is 'solely caused' by third parties, [the Court] would be hard pressed to explain why exceptions were needed to allow action of negligence *per se* or negligent entrustment." 526 F. Supp. 3d at 543. And such a "construction also renders the predicate exception entirely superfluous[.]" *Id.* After all, "if PLCAA preemption never covered cases alleging any wrongful conduct by a manufacturer, then the exception allowing actions for a seller's knowing violation of State or Federal gun laws would be completely unneeded." *Id.* Finally, "[t]his construction would also render parts of the 'products liability' exception," which states that "'where the discharge of the product was caused by a volitional act that constituted a criminal offense, then such act *shall be considered the sole proximate cause*' of any harm . . . absolutely meaningless if the PLCAA in general only applied to cases where harm was 'solely caused' by a third-party bad actor. *Id.* at 543–44.

Other aspects of the Court's analysis of the PLCAA also present substantial grounds for differences of opinion that warrant certification. For example, the Court's alternative holdings on the State's claims under Executive Law Section 63(12), and whether Defendants misread *Rehaif v. United States*, 139 S. Ct. 2191 (2019) and/or *Ruan v. United States*, 597 U.S. 450 (2022). MTD

8

Order at 26, 27 n.11. Or the question whether statutes of general applicability can satisfy the PLCAA's predicate exception; as this Court put it: whether "the language of the PLCAA []or *Beretta* require the violated statute to also provide the cause of action[.]" *Id*. at 25. Finally, reasonable jurists could differ on the legal standard for proximate causation required to find liability under the PLCAA's predicate exception. *Id*. at 27–28.

In conclusion, there are substantial grounds for differing opinions about how to interpret the PLCAA's mandate in this case.

### B. An Immediate Appeal Would Materially Advance this Litigation.

It is clear that certification would materially advance this litigation. Certification would give the Court of Appeals the opportunity to: (1) be assured of its own appellate jurisdiction without expending judicial resources analyzing the collateral order question for the first time, and (2) address the critical legal issues presented in this case; including (a) the threshold PLCAA immunity issue, and (b) the merits definitional question of whether unfinished frames or receivers qualify as "firearms" under the relevant statutory framework. Absent certification, the Court of Appeals will have to decide the novel jurisdictional question presented in the pending interlocutory appeal and may be unable to reach the immunity and merits issues actually presented in this case if it finds that it lacks jurisdiction to hear the interlocutory appeal.

To be sure, although Section 1292(b) "was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Because of the complex and particular posture of this case, however, certification under Section 1292(b) would actually *prevent* piecemeal appeals. "[G]iven the circumstances here, certification would avoid— not produce—piecemeal litigation by permitting the review of all consequential issues at one

9

time." *Atlantica Holdings*, 2014 WL 1881075, at *2 (Furman, J.) (cleaned up). In an analogous case arising in the Foreign Sovereign Immunities Act context, this Court determined that "where the Court's ruling on [] immunity was already on appeal," *id.*, the "salutary objective of avoiding piecemeal review would be aided by allowing an immediate appeal of other issues decided in the same order." *Id.* (cleaned up). The same is true here: "the Court's ruling on [PLCAA] immunity [is] already on appeal[.]" *Id.* And here too, "the goal of moving this litigation toward a final resolution outweighs whatever disadvantages may flow from interlocutory appeal." *Id.* (cleaned up).

Rather than expend judicial resources determining whether the PLCAA immunity issue is appealable under the collateral order doctrine, the Court of Appeals could simply address and clarify the PLCAA immunity issue in earnest, in addition to any other issues presented in this Court's order. Without certification, the parties and the Courts could have to undergo two rounds of appellate review to reach the same result. That is the ill Section 1292(b)'s requirements were designed to prevent.

Certification would also serve this Court's important judicial economy interests. Given the uncertainties over the Defendants' PLCAA immunity generally, the predicate exception for certain "knowing[]" violations in particular, and the possibility of an abatement remedy for the State's public nuisance claims, discovery could be a massive undertaking with additional complications of relevance, proof, and causation. Whether and how Defendants themselves can "abate" alleged societal problems with gun violence, for example—and what information is relevant to that question—is bound to involve difficult determinations. Plus, to the extent Defendants can be held liable for criminal conduct by third parties under the predicate exception, discovery surrounding incidents of criminal conduct by unrelated parties could be virtually boundless. Before this Court

10

and the parties expend resources in this manner, the Court of Appeals should have a chance to provide clarity on the thorny threshold legal questions that may largely or entirely resolve the case.

In sum, Section 1292(b)'s requirements are met, and the judicial economy considerations that sometimes undermine the case for certification cut strongly in favor of certification here.

## CONCLUSION

For the foregoing reasons, the Court should grant undersigned Defendants' request to certify its order under 28 U.S.C. § 1292(b).

Dated: April 9, 2024
New York, New York

Steven Jay Harfenist
**HARFENIST KRAUT & PERLSTEIN, LLP**
3000 Marcus Avenue
Suite 2e1
Lake Success, NY 11042
516-355-9600
Fax: 516-355-9601
sharfenist@hkplaw.com
*Attorney for Arm or Ally LLC*

Scott Charles Allan
**RENZULLI LAW FIRM, LLP**
One North Broadway Suite 1005
White Plains, NY 10601
(914) 285-0700
Fax: (914) 285-1213
sallan@renzullilaw.com
*Attorney for Blackhawk Manufacturing Group, Inc.*

Matthew D. Fender
**MCGUIRE WOODS LLP**
Gateway Plaza, 800 East Canal Street
Richmond, VA 23219
804-775-1076
Fax: 804-698-2209

Respectfully submitted,

/s/David H. Thompson
**COOPER & KIRK, PLLC**
David H. Thompson*
Brian W. Barnes*
1523 New Hampshire Ave., NW
Washington, DC 20036
(202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com
bbarnes@cooperkirk.com
*Admitted *pro hac vice*
*Attorneys for Defendant Brownells, Inc., a/k/a Brownells or Bob Brownell's; Salvo Technologies, Inc., a/k/a 80P Builder or 80P Freedom Co.; Primary Arms, LLC; and Rock Slide USA, LLC*

Ryan Lawrence Erdreich
**PISCIOTTI LALLIS ERDREICH**
30 Columbia Turnpike
Suite 205
Florham Park, NJ 07932
973-245-8100
rerdreich@pisciotti.com

Richard Frederick Brueckner , Jr.
**THE LAW OFFICES OF ALAN S. FUTERFAS**

11

mfender@mcguirewoods.com

Jason Cowley
**MCGUIRE WOODS LLP**
201 North Tryon Street
Suite 3000
Charlotte, NC 28202
704-343-2030
jcowley@mcguirewoods.com

Jean Paul Bradshaw , II
**LATHROP GPM LLP**
2345 Grand Blvd., Ste. 2200
Kansas City, MO 64108-2612
816-460-5507
Fax: 816-292-2001
jeanpaul.bradshaw@lathropgpm.com

Shoshanah Mae Shanes
**LATHROP GPM LLP**
7701 Forsyth Blvd.
Suite 500
Clayton, MO 63105
224-456-7099
shoshanah.shanes@lathropgpm.com

Tobias Jacob Fischer
**MCGUIREWOODS LLP**
1251 Avenue of the Americas
20th Floor
New York, NY 10020
212-548-2143
tfischer@mcguirewoods.com
*Attorneys for KM Tactical*

565 Fifth Ave., 7th Floor
New York, NY 10017
(212)-684-8400
Fax: (212)-684-5259
rbrueckner@pisciotti.com
*Attorneys for GS Performance, LLC, a/k/a Glockstore or GSPC*

Christopher Adams
**GREENBAUM ROWE SMITH & DAVIS NEW JERSEY**
331 Newman Springs Road
Building 1, Suite 122
Red Bank, NJ 07701
732-476-2692
cadams@greenbaumlaw.com

Jessica Maria Carroll
**GREENBAUM ROWE SMITH & DAVIS**
75 Livingston Ave.
Roseland, NJ 07068
973-577-1910
Fax: 973-577-1911
jcarroll@greenbaumlaw.com
*Attorneys for Rainier Arms, LLC*