UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York, <br><br><br>                                  Plaintiff, <br><br>             -against- <br><br> ARM OR ALLY, LLC; BLACKHAWK MANUFACTURING GROUP, INC., a/k/a 80 Percent Arms, Inc. or 80 Percent Arms; SALVO TECHNOLOGIES, INC., a/k/a 80P Builder or 80P Freedom Co.; BROWNELLS INC., a/k/a Brownells or Bob Brownell's; GS PERFORMANCE, LLC, a/k/a Glockstore or GSPC; INDIE GUNS, LLC; KM TACTICAL; PRIMARY ARMS, LLC; RAINIER ARMS, LLC; and ROCK SLIDE USA, LLC, <br><br>                                  Defendants. | Case No. 22-cv-06124 (JMF) |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

LETITIA JAMES
Attorney General
State of New York
28 Liberty Street
New York, New York 10005
*Attorney for Plaintiff, the People of the State of New York*

Matthew Conrad
Monica Hanna
Abigail Katowitz
Molly Thomas-Jensen
James M. Thompson
Assistant Attorneys General
Of Counsel

`

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ................................................................................................................... 4

I.      Legal Standard ....................................................................................................... 4

II.     The Questions Defendants Seek to Certify Do Not Involve a Controlling Question of
Law ............................................................................................................................. 5

    1.   Whether unfinished frames are "firearms" under 18 U.S.C. § 921(a)(3) is not a
controlling question of law .............................................................................. 6

    2.   Whether certain defendants are entitled to PLCAA's protections is not a controlling
question of law .............................................................................................. 7

III.    There Is Not Substantial Ground for Difference of Opinion on the Questions in the
Court's Order ................................................................................................................ 9

    1.   There is Not a Substantial Ground for Difference of Opinion on the Question as to
Whether Defendants' Products are Firearms Under the Federal Definition.................... 10

    2.   There is Not a Substantial Ground for Difference of Opinion as to Whether the
State's Claims Are Barred by PLCAA ................................................................ 11

IV.     Certification Will Not Materially Advance the Litigation.......................................... 13

CONCLUSION................................................................................................................ 15

`

## TABLE OF AUTHORITIES

**Cases**

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 426 F. Supp. 2d 125
(S.D.N.Y. 2005) ................................................................................................ 10, 11

*Atlantica Holdings, Inc. v. Sovereign Wealth Fund "Samruk-Kazyna" JSC*, 2014 WL 1881075
(S.D.N.Y. May 9, 2014) ........................................................................................ 14

*Capitol Records, LLC v. Vimeo, LLC*, 972 F.Supp.2d 537 (S.D.N.Y. Dec. 31, 2013) ................. 9

*Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369 (S.D.N.Y. 2008) ........................ 5

*City of New York v. Beretta U.S.A. Corp.*, 524 F.3d (2d Cir. 2008) ............................................ 11

*DeVittorio v. Hall*, 2008 WL 273981 (S.D.N.Y. Jan. 25, 2008) ................................................... 5

*Drexel Burnham Lambert Group v. Comm. of Receivers for Galadari*, 12 F.3d 317
(2d Cir. 1993) ........................................................................................................ 14

*Garg v. Winterthur Life*, 573 F. Supp. 2d 763 (E.D.N.Y. 2008) ................................................... 7

*Garland v. Blackhawk Mfg. Grp., Inc.*, 2023 WL 6801523 (U.S. Oct. 16, 2023) ........................ 11

*Garland v. VanDerStok*, 2023 WL 5023383 (U.S. Aug. 8, 2023) ................................................ 11

*German by German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385
(S.D.N.Y. 1995) ................................................................................................... 5, 12

*Hart v. Rick's Cabaret Int'l, Inc.*, 73 F. Supp. 3d 382 (S.D.N.Y. 2014) ..................................... 13

*Hermes International v. Rothschild*, 590 F.Supp.3d 647 (S.D.N.Y. 2022) ................................... 9

*In re Barclays Liquidity Cross & High Frequency Trading Litig.*, 2019 WL 3202745
(S.D.N.Y. July 16, 2019) ........................................................................................ 4

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524
(S.D.N.Y. 2014) ............................................................................................... passim

*In re Flor*, 79 F.3d 281 (2d Cir. 1996) ................................................................................. 4, 10

*In re Gen. Motors LLC Ignition Switch Litig.*, 427 F. Supp. 3d 374 (S.D.N.Y. 2019) ................. 4

*Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21 (2d Cir. 1990) ................................................ 5

*Koehler v. Bank of Berm. Ltd.*, 101 F.3d 863 (2d Cir. 1996)...........................................................4

*Minnesota v. Fleet Farm LLC*, 679 F. Supp. 3d 825 (D. Minn. 2023) .........................................12

*Morrison v. National Australia Bank Ltd*, 561 U.S. (2010) ........................................................14

*Nat'l Shooting Sports Foundation v. James*, 604 F. Supp. 3d 48 (N.D.N.Y. 2022)....................12

*Nat'l Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31. 2023) ..... 11, 12

*Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567 (S.D.N.Y. 2001) ................................5

*Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956) ................................................................1

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 2024 WL 1119497
   (S.D.N.Y. Mar. 14, 2024) ....................................................................................................8, 10

*Stone v. Patchett*, 2009 WL 1544650 (S.D.N.Y. June 3, 2009) .....................................................8

*Tocco v. Real Time Resolutions, Inc.*, 2015 WL 5086390 (S.D.N.Y. Mar. 4, 2015) .....................4

*Transp. Workers Union of Am., Loc. 100, AFL-CIO v. New York City Transit Auth.*,
   358 F. Supp. 2d 347 (S.D.N.Y. 2005)........................................................................................5

*Travieso v. Glock*, 526 F. Supp. 3d 533 (D. Ariz. 2021) .............................................................13

*United States SEC v. Citigroup Global Mkts., Inc.*, 827 F. Supp. 2d 336 (S.D.N.Y. 2011)...........5

*United States v. John*, 2022 WL 1062998 (E.D.N.Y. Apr. 8, 2022) ...........................................11

*United States v. Rivera*, 415 F.3d 284 (2d Cir. 2005)..............................................................6, 10

*United States v. Texas*, 599 U.S. (2023) .....................................................................................11

*United States v. Wells Fargo Bank, N.A.*, 2015 WL 14072740 (S.D.N.Y Nov. 2, 2015) .............4

*VanDerStok v. Garland*, 86 F.4th (5th Cir. 2023) ................................................................10, 11

*Westwood Pharms. v. Nat'l Fuel Gas Distrib.*, 964 F.2d 85 (2d Cir. 1992)...............................13

*Williams v. Beemiller, Inc.*, 100 A.D.3d 143 (N.Y. App. Div. 2012)...........................................12

*Youngers v. Virtus Investment Partners, Inc.*, 228 F.Supp.3d 295 (S.D.N.Y. 2017) ....................8

**Statutes**

18 U.S.C. § 921(a)(3)................................................................................................. 6, 10, 11

28 U.S.C. § 1292(b) ................................................................................................... passim

Executive Law § 63(12)............................................................................................ 7

General Business Law §§ 349 and 350.................................................................... 7

Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901 *et seq.* ................................. 1, 8

Plaintiff, the People of the State of New York, by their attorney Letitia James, Attorney General of the State of New York (the "State"), respectfully submits this memorandum of law in opposition to Defendants'[1] motion for certification pursuant to 28 U.S.C. § 1292(b) (ECF No. 266, hereinafter "the Motion") of the Court's Opinion and Order denying Defendants' motions to dismiss in large part (ECF No. 245, hereinafter "MTD Order").

## PRELIMINARY STATEMENT

"[T]he historic federal policy against piecemeal appeals" is well established. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956). In this motion seeking immediate appellate review of this Court's denial of a motion to dismiss, Defendants seek to engage in precisely the sort of fragmentary appellate review that the federal courts strongly disfavor. Defendants' motion fails to satisfy the three-prong requirement for interlocutory appeal certification in 28 U.S.C. § 1292(b), which provides that a court may, in its discretion, certify an order that involves: (1) "a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) for which "an immediate appeal . . . may materially advance the ultimate termination of the litigation." Accordingly, Defendants' motion should be denied in its entirety.

* * * * *

Defendants argue that two "threshold" questions "counsel strongly toward certification": (1) whether Defendants' products are "firearms" under federal law and (2) whether the Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901 *et seq.* ("PLCAA") requires dismissal of the Second Amended Complaint (hereinafter "SAC"). (ECF No. 266-1 at 1, hereinafter "Def. Br.")

---

[1] Defendants are Arm or Ally, LLC; Blackhawk Manufacturing Group, Inc.; Salvo Technologies, Inc.; Brownells, Inc.; GS Performance, LLC; KM Tactical, LLC; Primary Arms, LLC; Rainier Arms, LLC; and Rock Slide USA, LLC ("Rock Slide"). Defendant Indie Guns, LLC has defaulted (ECF Dkt. No. 250) and is not a party to this motion.

Defendants also contend that certification will assure the Second Circuit that it has jurisdiction to hear the PLCAA question in the event it concludes that it lacks appellate jurisdiction over Defendants' noticed appeal under the collateral order doctrine. (Def. Br. at 2, 10). This is backwards. Defendants' choice to place a jurisdictional issue of questionable legal merit before the Second Circuit does not justify granting a motion under 28 U.S.C. § 1292(b), and instead shows why federal courts disfavor piecemeal appeals: they create delay and opportunities for gamesmanship. Defendants also assert that certification will ensure that the Second Circuit will be able to decide immunity and other merits issues in one interlocutory appeal instead of having to resolve two interlocutory appeals. But this is a problem entirely of Defendants' creation and not one that this Court need solve.

Defendants do not explain how the MTD Order meets the statutory requirements for certification. Instead, Defendants confuse matters by combining the first two elements (controlling question of law and substantial grounds for difference of opinion) into one section, and by pointing to factors not relevant to the § 1292(b) analysis. The correct path is to analyze each of the three elements separately.

With respect to the first element, neither the question of whether the SAC properly alleges that Defendants sold products that meet the federal firearms definition nor the question of whether PLCAA requires the dismissal of the SAC are controlling questions of law. A "controlling question of law" must be a "pure" question of law that the reviewing court can decide without having to review the underlying record, not a mixed question of law and fact. Both the federal firearms definition's applicability to Defendants' products and PLCAA's availability as a defense involve mixed questions of fact and law. And while the question of whether a particular statute may serve as a PLCAA predicate is a pure question of law, it is not a *controlling* question of law because the

State has asserted multiple predicate statutes, and a decision on whether any specific statute could serve as a predicate statute is not controlling.

Second, there are not substantial grounds for differences of opinion regarding the applicability of the federal firearms definition to Defendants' products or the availability of PLCAA as a defense. Defendants do not provide any conflicting or contradictory cases within the Second Circuit that would cast a serious doubt on whether the underlying MTD Order was correctly decided. Rather, Defendants rely on nonbinding and unpersuasive opinions from the Fifth Circuit and the District Court of New Jersey to manufacture a "difference of opinion," which ignores the fact that this Court followed binding Second Circuit precedent in its ruling.

And finally, an interlocutory appeal would not materially advance this litigation. Defendants have argued that "[d]enying certification . . . could result in piecemeal appeals." (Def. Br. at 3). Defendants are the ones who have put "multiple appeals" at issue, and the anticipated expenditure of resources by this Court, the Second Circuit, and the parties are the product of Defendants' gamesmanship and strategic decisions. Even if Defendants obtained reversal on both questions, the State would still be able to proceed on its claims against KM Tactical and Rock Slide, including engaging in discovery, motion, and trial practice. However, in the likely event that the State's claims survive, this appeal only serves to cause substantial delay in a case that was filed nearly two years ago.

While Defendants are dissatisfied with this Court's MTD Order, Defendants will have their opportunity to seek appellate review when there is a final appealable order. Contrary to Defendants' assertions, this is not an "extraordinary case" that presents "exceptional circumstances" justifying a departure from the ordinary policy of delaying appellate review until after a final judgment has been entered. Because Defendants have not demonstrated that their

motion for certification of the MTD Order satisfies the criteria set forth in 28 U.S.C. § 1292(b), this Court should exercise its discretion and deny Defendants' motion.

## ARGUMENT

### I.      Legal Standard

A district court has the discretion to certify an order for interlocutory appeal if the moving party demonstrates that: "the order (1) 'involves a controlling question of law' about which (2) 'there is substantial ground for difference of opinion,' and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *In re Gen. Motors LLC Ignition Switch Litig.*, 427 F. Supp. 3d 374, 391 (S.D.N.Y. 2019) (Furman, J.) (citing 28 U.S.C. § 1292(b)). "Of the three factors, the third—whether an immediate appeal would materially advance the ultimate termination of the litigation—'is the most important.'" *United States v. Wells Fargo Bank, N.A.,* 2015 WL 14072740, *1 (S.D.N.Y Nov. 2, 2015) (Furman, J) (quoting *Tocco v. Real Time Resolutions, Inc.*, No. 14-CV-810, 2015 WL 5086390, at *2 (S.D.N.Y. Mar. 4, 2015)).

Because "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered[,]" 28 U.S.C. § 1292(b) is "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Berm. Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). *See also In re Barclays Liquidity Cross & High Frequency Trading Litig., No. 14-MD-2589 (JMF),* 2019 WL 3202745, at *1 (S.D.N.Y. July 16, 2019) (Furman, J) (explaining that "the Second Circuit has 'repeatedly cautioned [that] use of this certification procedure should be strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)). "Because interlocutory appeals derail the orderly conduct of lawsuits and result in piecemeal and duplicative litigation, such interim appeals are strongly disfavored in the

federal system." *United States SEC v. Citigroup Global Mkts., Inc.*, 827 F. Supp. 2d 336, 337 (S.D.N.Y. 2011).

Therefore, certification under 28 U.S.C. § 1292(b) "is limited to extraordinary cases where appellate review might avoid protracted and expensive litigation. It is not intended as a vehicle to provide early review of difficult rulings in hard cases." *German by German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995). "[E]ven where the three legislative criteria of section 1292(b) appear to be met, district courts have 'unfettered discretion to deny certification' if other factors counsel against it." *Transp. Workers Union of Am., Loc. 100, AFL-CIO v. New York City Transit Auth.*, 358 F. Supp. 2d 347, 351 (S.D.N.Y. 2005) (internal citations omitted). "Such unfettered discretion can be for 'any reason, including docket congestion' and 'the system-wide costs and benefits of allowing the appeal.'" *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014), *citing Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990).

## II.     The Questions Defendants Seek to Certify Do Not Involve a Controlling Question of Law

In determining whether there is a controlling question of law, courts "should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001). A controlling question of law also "must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) (internal quotation marks and citation omitted). *See also DeVittorio v. Hall*, 2008 WL 273981, *2 (S.D.N.Y. Jan. 25, 2008) (explaining that a

controlling question must be a "question of law, not one of factual dispute where the court applies well-settled legal principles.").

      *1. Whether unfinished frames are "firearms" under 18 U.S.C. § 921(a)(3) is not a controlling question of law*

Defendants do not challenge the large body of federal case law (including binding precedent from the Second Circuit) concluding that "an inoperable weapon falls within § 921(a)(3)'s definition of a 'firearm.'" *United States v. Rivera*, 415 F.3d 284, 286 (2d Cir. 2005) (collecting cases). Under *Rivera*, a weapon is a firearm whenever it "was originally designed to fire a bullet," whether or not it is currently in a condition to do so. *Id*. Because this definition is settled as a matter of law, Defendants instead must argue that their products do not meet this definition—a question of fact that will require an examination of the record to analyze the operability of Defendants' products.

Defendants argue this question is a matter of statutory interpretation and does not entail review of a factual record. (Def. Br. at 5). However, Defendants selectively quote this Court's MTD Order to support this argument, relying on the Court's language on page 15 of the MTD Order in which the Court stated that "the Court disagrees with the Moving Defendants as a matter of statutory interpretation." (MTD Order at 15). But the Court's disagreement with a particular aspect of Defendants' statutory analysis does not eliminate other portions of the MTD Order involving a review of the SAC's factual allegations as to whether Defendants' products satisfy the federal definition. (*See* MTD Order at 13-14 and 17). Thus, determining whether Defendants' *particular* products qualify as "firearms" necessarily involves an examination of the record, to see whether the product at issue fits within the statutory definition. Defendants are therefore not only asking the court to define the term, but also to apply the law to this set of alleged facts at the pleading stage—a question inappropriate for certification under § 1292(b).

6

In any event, whether Defendants' products are "firearms" under federal law is not a "controlling" question. For purposes of interlocutory appeal, a question of law is "controlling" if "(1) reversal of the court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation." *Garg v. Winterthur Life*, 573 F. Supp. 2d 763, 767 (E.D.N.Y. 2008). Even if the Second Circuit were to reverse the district court's order (and its own precedent) to rule that unfinished frames are not "firearms," the litigation would not end. In fact, each remaining claim would survive because none of the claims turns exclusively on the federal definition of "firearm," including the State's claims under Executive Law § 63(12) for violations of New York State and City laws; false advertising and deceptive practices under General Business Law §§ 349 and 350; and negligent entrustment. Because the definition of "firearm" does not control the disposition of any claim, it is not a controlling question of law and is thus inappropriate for certification under § 1292(b).

2. *Whether certain defendants are entitled to PLCAA's protections is not a controlling question of law*

Defendants also seek to have this Court certify the question of whether PLCAA protects them from liability for their illegal conduct. But Defendants have failed to identify a pure question of law, and instead present this Court with several mixed questions of fact and law. And though the question of whether a statute can serve as a predicate for PLCAA purposes is a pure question of law, it is not controlling.

As an initial matter, defendants KM Tactical and Rock Slide "do not intend to argue that they are entitled to PLCAA immunity." (Def. Br. at 1 n.1). The PLCAA question is thus not controlling as to these two defendants, because any decision from the Court of Appeals will not "significantly affect the conduct of an action." *In re Facebook, Inc.*, 986 F. Supp. 2d at 536 (internal quotations and citation omitted). The claims against KM Tactical and Rock Slide will proceed

regardless of how the Second Circuit ultimately decides the question of whether PLCAA bars the claims against the other seven defendants.

The question of whether PLCAA protects the remaining Defendants' conduct is a broad question—and one that obviously presents mixed questions of fact and law. Among the mixed questions of fact and law that are bound up in this Court's decision on PLCAA: (1) whether the complaint alleges that the defendants "knowingly violated" the predicate statutes, as required by PLCAA (MTD Order at 26); (2) whether the complaint alleges that the defendants' conduct proximately caused harm to the State (MTD Order at 27-29); and (3) whether the complaint alleges claims that fall within PLCAA's negligent entrustment exception, insomuch as the "Defendants knew their customers would use their products 'in a manner involving unreasonable risk of physical injury.'" Defendants' brief focuses on whether there is a "substantial ground for differences of opinion" and does not address the question of whether these are "controlling question[s] of law." (Def. Br. at 8-9). And on examination, "the thrust of Defendants' arguments concern[s] the 'application of the law to the facts.'" *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 22 CIV. 9597 (PGG), 2024 WL 1119497, at *7 (S.D.N.Y. Mar. 14, 2024) (internal citations omitted). Defendants may believe that "the Court incorrectly applied the law to the facts presented." *Stone v. Patchett*, No. 08 CV 5171 (RPP), 2009 WL 1544650, at *2 (S.D.N.Y. June 3, 2009). But that is a matter to be raised in appeal of a final order, and "[does] not present issues. . . appropriate for interlocutory review." *Id. See also Youngers v. Virtus Investment Partners, Inc.*, 228 F.Supp.3d 295, 298-99 (S.D.N.Y. 2017) (explaining that where there is at "'least one alternative basis'" for the court's ruling, the question is not "controlling" particularly when it "requires an application of the law to the facts.")

While the question of whether a statute may serve as a predicate statute under 15 U.S.C. 7903(5)(A)(iii) could be, in certain circumstances, considered a pure question of law, the State has asserted several different predicate statutes, (*see* SAC, pp. 109-112), which means that a decision on whether any particular statute could serve as a PLCAA predicate is not a *controlling* question of law. For example, if the Court of Appeals were to reverse this Court's decision as to whether PLCAA requires "the violated statute to also provide the cause of action," (MTD Order at 25), such a holding would not affect the Plaintiff's claims under Sections 349, 350, and 898 of the General Business Law, which each provide both the predicate violation and the cause of action. *See Hermes International v. Rothschild*, 590 F.Supp.3d 647, 652 (S.D.N.Y. 2022) (finding that, where reversal on a question would not terminate the litigation, "interlocutory appeal is doubly unwarranted."). Thus, even if the Defendants sought only to certify whether a certain statute could serve as a PLCAA predicate, that question would not be controlling.

## III.   There Is Not Substantial Ground for Difference of Opinion on the Questions in the Court's Order

Defendants assert that there is a "substantial ground for difference in opinion" justifying certification under 28 U.S.C. § 1292(b) with respect to whether unfinished frames or receivers qualify as "firearms," and whether the State's claims are barred by PLCAA. But neither of these truly presents a substantial ground for difference in opinion; to the contrary, both have a clear answer under controlling Second Circuit precedent, and this alone forecloses certification for an immediate appeal.

"A substantial ground for difference of opinion exists when '(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit.'" *In re Facebook, Inc.*, 986 F. Supp. 2d at 539, citing *Capitol Records, LLC v. Vimeo, LLC*, 972 F.Supp.2d 537, 551 (S.D.N.Y. Dec. 31, 2013) (further internal citations omitted).

However, the "mere presence of a disputed issue that is a question of first impression is not sufficient . . . nor is it enough to show the possibility of a different outcome on appeal." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 22 CIV. 9597 (PGG), 2024 WL 1119497, at *3 (S.D.N.Y. Mar. 14, 2024) (internal quotation marks and citations omitted). Rather, "to satisfy this prerequisite, there must be 'substantial doubt' that the district court's order was correct." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005) (internal citations omitted). It is "the duty of the district judge. . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Flor v. BOT Fin. Corp.*, 79 F.3d 281, 284 (2d Cir. 1996) (emphasis in original) (internal quotation marks and citation omitted).

> 1. *There is Not a Substantial Ground for Difference of Opinion on the Question as to Whether Defendants' Products are Firearms Under the Federal Definition*

There is no "substantial ground for difference of opinion" as to whether Defendants' products are firearms under 18 U.S.C. § 921(a)(3). This Court, in determining that Defendants' products fit within the federal definition of a "firearm," relied on the ordinary meaning of the word "weapon" and "longstanding precedent interpreting the meaning of 'firearm' in Section 921(a)(3)," including binding precedent from the Second Circuit in *Rivera*, 415 F.3d at 286. (MTD Order at 14-15). Defendants argue that because the Court of Appeals for the Fifth Circuit reached the opposite conclusion in finding that the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives exceeded its statutory authority in promulgating a rule clarifying that unfinished or incomplete frames and receivers constitute firearms in *VanDerStok v. Garland*, 86 F.4th 179 (5th Cir. 2023), there is a "substantial ground for difference of opinion." (Def. Br. at 5-6). Defendants' argument hinges on the fact that this Court declined to follow *VanDerStok*, which is not binding on this Court, and is at odds with decades of case law within the Second Circuit, under which

federal courts "have broadly interpreted the meaning of a firearm under § 921(a)(3)," *United States v. John*, No. 20-cr-341, 2022 WL 1062998, at *4 (E.D.N.Y. Apr. 8, 2022).[2]

However, the *VanDerStok* decision does not constitute "conflicting authority" against controlling Second Circuit precedent—and indeed, Defendants cite no conflicting authority in this Circuit, nor is the meaning of a firearm under § 921(a)(3) a matter of first impression in this Circuit. *See In re Facebook, Inc.*, 986 F. Supp. 2d at 539. Defendants have failed to demonstrate that there is "substantial doubt that the district court's order was correct." *Aristocrat Leisure Ltd.*, 426 F. Supp. 2d at 129 (internal quotation marks and citation omitted).

2. *There is Not a Substantial Ground for Difference of Opinion as to Whether the State's Claims Are Barred by PLCAA*

This Court, in determining that none of the State's claims are barred by PLCAA, relied on *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384 (2d Cir. 2008), a directly applicable and controlling Second Circuit case that compelled the conclusions that the Court reached, including *inter alia* that the State's public nuisance claim "fits squarely into" PLCAA's predicate exception. (MTD Order at 30). Defendants, in attempting to manufacture a "difference of opinion," can point only to *Nat'l Shooting Sports Foundation v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31. 2023) ("*NSSF*")—a decision that was subsequently vacated by the Third Circuit. *See Nat'l Shooting Sports Found. v. Platkin*, 80 F.4th 215 (3d Cir. 2023).

---

[2] As additional indicia that the *VanDerStok* decision is substantively flawed, the Supreme Court has twice halted prior injunctions upheld by the Fifth Circuit in *VanDerStok*. *Garland v. VanDerStok*, No. 23A82, 2023 WL 5023383 (U.S. Aug. 8, 2023); *Garland v. Blackhawk Mfg. Grp., Inc.*, No. 23A302, 2023 WL 6801523 (U.S. Oct. 16, 2023). The Supreme Court's recent decision to grant review in *VanDerStok* does not indicate that there are substantial grounds for disagreement on the question of whether defendants' products are firearms. Indeed, it could signal the need for the Supreme Court to correct an outlier decision on an issue of national significance. *See, e.g.*, *United States v. Texas*, 599 U.S. 670 (2023) (reversing in an 8-1 vote a decision of the Fifth Circuit finding standing to challenge federal immigration-enforcement guidelines).

Even if the now-vacated *NSSF* decision—which only considered New Jersey's firearms public nuisance law, and not the additional PLCAA predicates involved in this case[3]—could be considered persuasive, it does not provide a "substantial ground for difference of opinion" in light of *Beretta*. The non-controlling and vacated New Jersey *NSSF* decision does not constitute "conflicting authority" as against controlling Second Circuit precedent, nor is the interpretation of PLCAA an issue of first impression in the Second Circuit. The absence of either circumstance forecloses any argument that a significant enough "difference of opinion" exists to justify certification under § 1292(b). *See In re Facebook, Inc.*, 986 F. Supp. 2d at 539. Any other outcome would stretch § 1292(b) to unworkable lengths, as the existence of a single "difference in opinion" in the form of *any* conflicting non-binding case in *any* court would always suffice to justify an interlocutory appeal, in direct contravention of the rule that such appeals must be limited to "extraordinary" circumstances. *German by German*, 896 F. Supp. at 1398.[4] Defendants' flimsy gesture towards a solitary vacated out-of-circuit case cannot possibly clear this high bar.

---

[3] The narrow focus on public nuisance of Defendants' only cited contrary precedent is relevant because it is well-established that "[o]nly one claim needs to survive the preemption analysis for the entire suit to move forward because the PLCAA preempts 'qualified civil liability actions,' not claims." *Minnesota v. Fleet Farm LLC*, 679 F. Supp. 3d 825, 841-42 (D. Minn. 2023), motion to certify appeal denied, 2024 WL 22102 (D. Minn. Jan. 2, 2024); *see also Williams v. Beemiller, Inc.*, 100 A.D.3d 143, 151 (N.Y. App. Div. 2012), op. am. on reargument, 103 A.D.3d 1191 (N.Y. App. Div. 2013). Even if Defendants' reliance on *NSSF* did raise a "substantial ground for difference of opinion" as to whether public nuisance suits are barred by PLCAA, they do not cite a single case alleging a "substantial ground" with respect to any other PLCAA predicate. There is therefore no serious dispute that the entire suit could move forward *even if* the public nuisance aspect of this Court's PLCAA decision were overturned on appeal.

[4] In addition, the New Jersey *NSSF* decision is itself an outlier among other district court decisions involving PLCAA. *See, e.g.*, *Nat'l Shooting Sports Foundation v. James*, 604 F. Supp. 3d 48 (N.D.N.Y. 2022) (holding that the New York public nuisance law at issue here is not preempted by PLCAA); *Fleet Farm LLC*, 679 F. Supp. 3d at 841-42 (holding that the state's negligence, public nuisance, and aiding and abetting claims were not preempted by PLCAA). The weight of the precedent makes clear that any "difference in opinion" cannot reasonably be called "substantial."

Finally, Defendants' reliance on *Travieso v. Glock* is inapposite. 526 F. Supp. 3d 533 (D. Ariz. 2021). That decision did not involve the predicate exception, mentioning it only in passing in its analysis of whether the statute's purposes section should be read to narrow PLCAA to only apply in instances where the gun manufacturer was being sued for "conduct wholly beyond its control." *Id*. at 543. That is not the case here, and there is no reason to think that *Travieso*—a product defect case in an out-of-circuit district court—creates substantial grounds for difference of opinion.

## IV.    Certification Will Not Materially Advance the Litigation

"Courts place particular weight on ... whether immediate appeal will materially advance the ultimate termination of the litigation." *In re Facebook, Inc.*, 986 F. Supp. 2d at 531 (citations and internal quotation marks omitted). While this analysis is technically distinct from the question of whether there is a controlling issue of law, "in practice the two questions are closely connected." *Id.* at 536 (internal citations omitted). Importantly, the "'use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation,'" and "[d]istrict courts should hesitate to certify where 'many of the same ... issues ... would still have to be litigated' irrespective of the Court of Appeals' decision on the certified question." *Hart v. Rick's Cabaret Int'l, Inc.*, 73 F. Supp. 3d 382, 393 (S.D.N.Y. 2014) (internal citations omitted). Courts routinely deny certification when, "[i]f any of the claims are not dismissed on appeal, the litigation will continue to advance in substantially the same manner as if the interlocutory appeal had never occurred." *In re Facebook, Inc.*, 986 F. Supp. 2d at 532. *See also Westwood Pharms. v. Nat'l Fuel Gas Distrib.*, 964 F.2d 85, 88 (2d Cir. 1992) (cautioning against the certification of questions in cases where "many of the same factual issues ... would still have to be litigated…").

Defendants claim that certification of the MTD Order will avoid piecemeal litigation by allowing the Second Circuit the opportunity to review all issues at once, relying on this Court's reasoning in *Atlantica Holdings, Inc. v. Sovereign Wealth Fund "Samruk-Kazyna" JSC*, No. 12-CV-8852 (JMF), 2014 WL 1881075, *2 (S.D.N.Y. May 9, 2014). Defendants' reliance on *Atlantica Holdings* is misplaced. There, this Court denied in part defendant's motion to dismiss and in so doing, rejected the defendant's arguments that it was immune from suit under the Foreign Sovereign Immunities Act (FSIA) and that the complaint failed to adequately plead a "domestic transaction" within the meaning of *Morrison v. National Australia Bank Ltd*, 561 U.S. 249 (2010). *Id.* at *1. The defendant filed an interlocutory appeal of the FSIA ruling, which is immediately appealable as of right, and then moved for a certificate pursuant to 28 U.S.C. § 1292(b) for the portion of the ruling concerning *Morrison*. This Court found that "given the pending appeal of the FSIA ruling" "certification would avoid—not produce—piecemeal litigation by permitting the review of all consequential issues at one time." *Id.* at *2 (cleaned up).

Here, Defendants rely on *Atlantica Holdings* to argue that because the Court's ruling on PLCAA is already being appealed, certifying the MTD Order would avoid piecemeal litigation. The fly in Defendants' ointment, however, is that in *Atlantica Holdings*, the Second Circuit was assured of its jurisdiction because denials of FSIA immunity are undisputedly appealable as of right pursuant to the collateral order doctrine, and therefore, certifying the order on the portion of the ruling concerning *Morrison* would allow the Second Circuit to review all the issues together. *See id.* at *2 and *Drexel Burnham Lambert Group v. Comm. of Receivers for Galadari*, 12 F.3d 317, 324 (2d Cir. 1993). By contrast, no court has held that the denial of dismissal under the affirmative defense provided by PLCAA is reviewable on an interlocutory basis.

14

None of the other arguments advanced by Defendants demonstrate that certification would materially advance this litigation. While Defendants fret that, absent certification, the Second Circuit may not reach the merits issues if it agrees with the State that it lacks jurisdiction to hear the collateral order appeal, Defendants will have their opportunity for full appellate review at the proper time, which is when a final judgment has been entered. Defendants' arguments that certification will promote judicial economy so that the Second Circuit can address the issues without "multiple rounds of appellate review" fall flat because the risk of "multiple rounds of appellate review" is solely a product of the Defendants' making. (Def. Br. at 3).

The bottom line is that certification would not materially advance the litigation because, as discussed above at page 7, even if Defendants obtained reversal on the definition question, the entirety of the lawsuit would continue because no claim rests exclusively on the federal definition of a "firearm." And even if Defendants obtained reversal on the question of PLCAA's applicability, as discussed above at page 8, the claims would proceed against KM Tactical and Rock Slide, who are not entitled to PLCAA's protections and do not intend to argue that they are. (Def. Br. at 1 n.1). Certification will simply prolong the litigation and will not save the Court or the parties time and expense.

## CONCLUSION

For the foregoing reasons, the State respectfully requests that the Motion for Certification be denied in its entirety.

Dated: New York, New York
April 23, 2024

LETITIA JAMES
Attorney General of the State of New York

By:  *Abigail Katowitz*

ABIGAIL KATOWITZ
Assistant Attorney General

15

Monica Hanna
Molly Thomas-Jensen
James M. Thompson
     Special Counsel
Matthew Conrad
     Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8922

abigail.katowitz@ag.ny.gov
monica.hanna@ag.ny.gov
molly.thomas-jensen@ag.ny.gov
james.thompson@ag.ny.gov
matthew.conrad@ag.ny.gov

16