24-773 (L)
*New York v. Arm or Ally, LLC*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb 27, 2026

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-six.

PRESENT:
        JOSEPH F. BIANCO,
        STEVEN J. MENASHI,
        EUNICE C. LEE,
            *Circuit Judges*.

_____

THE PEOPLE OF THE STATE OF NEW YORK,
BY LETITIA JAMES, ATTORNEY GENERAL OF
THE STATE OF NEW YORK,

        *Plaintiff-Appellee*,

UNITED STATES OF AMERICA,

        *Intervenor-Plaintiff*,

    v.                                                                                                                  24-773 (L),
                                                                                 24-1497 (Con)

ARM OR ALLY, LLC, BLACKHAWK
MANUFACTURING GROUP, INC., AKA 80
PERCENT ARMS, INC., AKA 80 PERCENT
ARMS, SALVO TECHNOLOGIES, INC., AKA
80P BUILDER, AKA 80P FREEDOM CO.,
BROWNELLS, INC., AKA, BROWNELLS, AKA
BOB BROWNELLS, GS PERFORMANCE, LLC,
AKA GLOCKSTORE, AKA GSPC, KM
TACTICAL, PRIMARY ARMS, LLC., RAINER

ARMS, LLC, ROCK SLIDE USA, LLC,

    *Defendants-Appellants*.

| | |
|---|---|
| FOR DEFENDANTS-APPELLANTS: | BRIAN W. BARNES (David H. Thompson and Athanasia O. Livas, *on the brief*), Cooper & Kirk PLLC, Washington, D.C., *for Defendant-Appellants Brownells, Inc., aka Brownells or Bob Brownell's; Salvo Technologies, Inc., aka 80P Builder or 80P Freedom Co.; Primary Arms, LLC; and Rock Slide USA, LLC*. |
| | Steven J. Harfenist, Harfenist, Kraut & Perlstein LLP, Lake Success, New York, *for Defendant-Appellant Arm or Ally, LLC*. |
| | V.R. Bohman and Cameron J. Schlagel, Snell & Wilmer L.L.P., Las Vegas, Nevada, *for Defendant-Appellant Blackhawk Manufacturing Group, Inc., aka 80 Percent Arms, Inc., aka 80 Percent Arms*. |
| | Ryan Erdreich and Danny C. Lallis, Pisciotti Lallis Erdreich, Florham Park, New Jersey, *for Defendant-Appellant GS Performance, LLC, aka Glockstore, a/k/a GSPC*. |
| | Jason Cowley, Jonathan Yates Ellis, and Tobias Fischer, McGuireWoods LLP, Charlotte, North Carolina, Raleigh, North Carolina, and Washington, D.C., *for Defendant-Appellant KM Tactical*. |
| | Mark M. Makhail, McCarter & English, LLP, Newark, New Jersey, *for Defendant-Appellant Rainer Arms, LLC*. |
| FOR PLAINTIFF-APPELLEE: | BARBARA D. UNDERWOOD (Ester Murdukhayeva and Kwame N. Akosah, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, New York. |
| FOR INTERVENOR-PLAINTIFF: | Lucas Issacharoff and Benjamin H. Torrance, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the |

2

Southern District of New York, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that these appeals are **DISMISSED**, and the case is **REMANDED** for further proceedings consistent with this summary order.

In this case, New York, through its Attorney General, has sued ten companies, including the Appellants, that allegedly manufacture and sell weapons parts kits and unfinished frames or receivers used to make "ghost guns"—homemade guns that lack serial numbers and are therefore untraceable. On February 23, 2024, the district court granted in part, and denied in part, Appellants' motion to dismiss the operative complaint.[1] In doing so, the district court concluded, *inter alia*, that the unfinished frames and receivers qualify as "firearms" within the meaning of the Gun Control Act ("GCA"), 18 U.S.C. § 921(a)(3), and that New York's claims are not preempted by the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. § 7901 *et seq. See generally New York v. Arm or Ally, LLC*, 718 F. Supp. 3d 310 (S.D.N.Y. 2024). On March 22, 2024, Appellants filed an interlocutory appeal from this order and asserted that this Court has jurisdiction under the collateral-order doctrine because the district court erred by denying them immunity under the PLCAA.[2] On May 20, 2024, the district court granted Appellants' motion to certify an

---

[1] One of the defendant companies, Indie Guns, LLC, did not move to dismiss, and is not a party to these appeals. The district court entered a default judgment against it on March 4, 2024.

[2] The collateral-order doctrine "permits our review of a small class of interlocutory rulings" that "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] [are] effectively unreviewable on appeal from a final judgment." *In re Terrorist Attacks on Sept. 11, 2001*, 117 F.4th 13, 20 (2d Cir. 2024) (internal quotation marks and citations omitted).

interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), *see generally New York v. Arm or Ally, LLC*, No. 22-CV-6124 (JMF), 2024 WL 2270351 (S.D.N.Y. May 20, 2024), and Appellants filed a petition for permission to appeal with this Court on May 30, 2024.[3] On June 20, 2024, a panel of this Court deferred consideration of the petition, referred it to the panel considering Appellants' already-pending interlocutory appeal, and consolidated the two appeals. On October 3, 2024, subsequent to oral argument, we held these appeals in abeyance pending the Supreme Court's decision in *Bondi v. VanDerStok*, 604 U.S. 458 (2025), which was issued on March 26, 2025. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to dismiss and remand.

In *VanDerStok*, the Supreme Court held that at least some weapons parts kits and unfinished frames or receivers are "firearms" within the meaning of the GCA. *Id.* at 472–73. The Court noted, however, that at some point a product may be "so incomplete or cumbersome to assemble" as to no longer constitute a weapon, or "so far from a finished frame or receiver that they cannot fairly be described using those terms," thus bringing them outside the scope of the GCA. *Id.* at 473, 481. Because the district court issued the order that is the subject of these appeals prior to the decision in *VanDerStok*, it did not conduct that analysis as to the products at issue here. Moreover, as the parties acknowledge, *VanDerStok* makes such an analysis necessary. *See* Appellants' Ltr.

---

[3] We have the discretion to allow an appeal to be taken from an otherwise unappealable order when the district court states in writing that it is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is a substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). We have emphasized that Section 1292(b) is "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). In addition, under the statute, we retain the discretion to decline to review an order certified by the district court. *See* 28 U.S.C. § 1292(b) ("The Court of Appeals . . . may . . . in its discretion[] permit an appeal to be taken from such order[.]"); *see also Tidewater Oil Co. v. United States*, 409 U.S. 151, 173 n.50 (1972) (noting that an "interlocutory appeal under [Section] 1292(b) is subject to the decision of the court of appeals in the exercise of its discretion, to allow appeal of the question certified by the district court").

Br. at 4 (arguing that, after *VanDerStok*, "the District Court must analyze . . . *each* product claimed to be sold" (emphasis in original)); Appellee's Ltr. Br. at 10–11 (arguing that, after *VanDerStok*, Appellants may make "fact-based arguments" after the motion to dismiss stage regarding the specific products at issue here).

Under these circumstances, and given the Supreme Court's intervening guidance, we decline to review the district court's certified order and remand the case for further proceedings in light of *VanDerStok*. In doing so, we make no decision at this juncture regarding our jurisdiction, under the collateral order doctrine, to review the challenges to the district court's denial of the Appellant's motion to dismiss based on the PLCAA. On remand, the district court should also consider the impact, if any, of the Supreme Court's decision in *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280 (2025), on the PLCAA issues raised in this case.

*    *    *

Accordingly, these appeals are **DISMISSED**, and the case is **REMANDED** for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit