

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

April 23, 2026

Hon. Jesse M. Furman
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *People of the State of New York v. Arm or Ally, LLC, et al.*, Case No. 22-cv-6124

Dear Judge Furman,

This Office represents the Plaintiff the State of New York ("the State") in the above-captioned case and writes on behalf of all parties in response to the Court's order (ECF No. 274) directing that the parties confer and propose next steps within three days of the mandate being issued. The mandate issued on Monday, April 20, 2026.

On March 13, 2026, the State met with Arm or Ally, LLC, Blackhawk Manufacturing Group, Inc., Salvo Technologies, Inc., Brownell's, Inc., GS Performance, LLC, KM Tactical, Primary Arms, LLC, Rainier Arms, LLC, and Rock Slide USA, LLC (together, "Defendants").[1]

The parties' positions are as follows:

The State's position: This case was filed in 2022, and it is time for the case to proceed to fact discovery. The Supreme Court's decision in *Bondi v. VanDerStok*, 604 U.S. 458 (2025) makes plain that the Second Amended Complaint sufficiently alleges that the products sold by Defendants were firearms under federal law and their sale into New York State (without background checks, serial numbers, and other safeguards) violated both State and federal law.

---

[1] Intervenor Plaintiff the United States of America was not present on March 13, 2026, but confirmed that it plans to seek to withdraw from this case following the issuance of the mandate. The State does not object to the Intervenor Plaintiff's withdrawal. Defendants view the federal government's withdrawal as reflecting a meaningful shift in firearm regulation, underscoring significant unsettled questions in this area, and emphasizing the need to address the issues in this matter in the appropriate sequence and with sufficient time and space to ensure thorough analysis.

*Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280 (2025) supports this Court's reasoning in denying the Defendants' prior motions to dismiss on PLCAA grounds.

The State therefore proposes the following schedule:
- Deadline for the Defendants' answer to the Second Amended Complaint or motion under Fed. R. Civ. P. 12: no later than three weeks after the issuance of the mandate;
- Exchange of initial disclosures under Fed. R. Civ. P. 26(a)(1): no later than three weeks after the issuance of the mandate;
- Fact discovery on liability: beginning on a date to be set at the scheduling conference and ending six months thereafter;
- The State's expert reports on liability: due 30 days after the close of fact discovery on liability;
- Defendants' expert reports on liability: due 30 days thereafter;
- The State's rebuttal reports; due 30 days thereafter;
- Cross motions for summary judgment on liability: due 30 days thereafter (on a briefing schedule to be negotiated);
- To the extent that any liability issues remain to be tried, trial on liability to be scheduled following decision on liability for summary judgment; and
- Following that trial, the parties will meet and confer on a schedule for discovery and merits motion practice on damages.

The State understands that many of the Defendants plan to seek a stay of fact discovery pending any motions to dismiss brought regarding the limited question of whether the Second Amended Complaint adequately alleges that Defendants' unfinished frames and receivers are "firearms," and will vigorously oppose any such motion.

The Defendants' position:

Defendants respectfully disagree with the State's characterization of the posture of this matter and with its proposed schedule. Although Defendants share the State's interest in the efficient resolution of this matter, the State's proposal both ignores important threshold questions and needlessly duplicates discovery costs. Moreover, *VanDerStok* does not support the State's assertion that the Second Amended Complaint is sufficient, and *Estados Unidos Mexicanos* strengthens rather than forecloses Defendants' PLCAA arguments.

Defendants propose the following schedule:
- Deadline for the Defendants' response to the Second Amended Complaint ("SAC"): no later than six weeks after the issuance of the mandate;
- Exchange of initial disclosures under Fed. R. Civ. P. 26(a)(1): no later than four weeks after resolution of Defendants' response to the SAC if by motion, or four weeks after response if by answer;
- Fact discovery on liability <u>and</u> damages: beginning on a date to be set after resolution of all dispositive motions and ending six months thereafter;
- The State's expert reports on liability: due 30 days after the close of fact discovery;
- Defendants' expert reports on liability: due 30 days thereafter;

- The State's rebuttal reports; due 30 days thereafter;
- Cross motions for summary judgment: due 60 days thereafter (on a briefing schedule to be negotiated);
- To the extent that any liability issues remain to be tried, trial to be scheduled following decision on summary judgment.

\* \* \* \* \*

The parties note that Magistrate Judge Parker has also directed that we file a joint status letter with the Court no later than 30 days after the issuance of the mandate (ECF No. 265). We believe that this letter satisfies that order as well. Should Judge Parker direct the parties to submit a separate letter in response to ECF No. 265, the parties will do so.

We further note, in response to that order, that during the pendency of the appeal, there were limited settlement discussions between the State and one defendant. The parties are currently exploring the possibility of a broader settlement involving multiple or all defendants, and we may seek the assistance of Magistrate Judge Parker at a later date.

Finally, the State believes that a conference with the Court would be helpful, given the length of time that has lapsed since this case was before the District Court and the scheduling complexities. Defendants did not provide their position on this request.

Respectfully submitted,

Molly Thomas-Jensen
Special Counsel