

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

July 6, 2026

The Honorable Jesse M. Furman
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *People of the State of New York v. Arm or Ally, LLC, et al.*, Case No. 22-cv-6124

Dear Judge Furman,

This Office represents Plaintiff the State of New York ("the State") in the above-captioned case. We write in response to the letter motion submitted by Defendant Blackhawk Manufacturing Group ("Blackhawk") on July 1, 2026 (ECF No. 293).

By its letter motion, Blackhawk purports to advise the Court of a discovery dispute between the State and itself and requests a conference and an order limiting discovery as to Blackhawk. The existence of any such dispute is a surprise to the State, as the State has not yet sought any discovery, other than voluntary disclosures in anticipation of potential mediation between the parties.

As the Court is aware, at a telephonic conference held on April 30, 2026, this Court ordered a stay of discovery pending a determination on Defendants' Renewed Motion to Dismiss; however, the Court directed that the State could confer with Defendants about limited discovery on certain discrete issues (*e.g.* regarding document preservation) and move the Court for such discovery if appropriate (ECF No. 286). Following that conference, the State proposed several narrow categories of discovery that it believed were appropriate to seek at that time and asked whether Defendants would consent. The email chain containing this communication is attached as Exhibit A. The State has not moved the Court for this discovery and has promulgated no discovery on Defendants.

In parallel with these discussions, Defendants expressed an interest in mediation with the State to potentially resolve this matter. The State responded that it was willing to engage in mediation, but that for any attempt to be meaningful, it would need certain categories of information, most notably the invoices for all unfinished frames and receivers that each Defendant shipped into New York State. Defendants proposed that as an initial matter they produce spreadsheets summarizing these orders, rather than the full invoices, to which the State agreed. (Exhibit A.)

Separately, on June 1, Blackhawk emailed the State to note its general agreement to this approach to pre-mediation discovery, while noting that due to an Assurance of Discontinuance ("AOD") entered into between the State and Blackhawk in 2020 related to a specific subset of products (unfinished receivers for semiautomatic rifles), it did not believe that it should have to produce sales data for "a period encompassing years when Blackhawk's sales were either authorized by the NYAG under the AOD or not prohibited by any applicable law." (Exhibit B.) The State responded on June 8 to note its disagreement with Blackhawk's interpretation of the effect of the AOD and to convey its position that it was willing to include Blackhawk in the contemplated multilateral mediation, but only on the same terms as the other Defendants. The State received no further response from Blackhawk until the filing of Blackhawk's July 1 letter motion.

Blackhawk's letter motion is defective and must be denied for multiple reasons.

*First*, this Court's individual rules require that "[a]ny party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute." (Individual Rules and Practices in Civil Cases § 3.D.) Contrary to Blackhawk's assertion that "good-faith meet-and-confer efforts to resolve this dispute" failed, no such efforts occurred. No telephonic or in-person discussions between the State and Blackhawk occurred between Blackhawk's June 1 letter and the State's June 8 response, and as noted, there was no further response from Blackhawk between the State's June 8 email and Blackhawk's July 1 motion.

*Second*, Blackhawk's discovery motion is fundamentally flawed because this Court has stayed discovery and no discovery demands have been served. Therefore, there is no discovery dispute for the Court to resolve. The State can (and reserves the right to) ask the Court for limited discovery related to document preservation and similar matters, but it has not yet done so and it has promulgated no requests on any Defendants. No Rule 26 discovery is currently outstanding, and therefore any dispute as to Rule 26 discovery is prudentially unripe.

Blackhawk appears to be confusing this prospective formal Rule 26 discovery with the State's proposed requests for *voluntary* disclosures in anticipation of mediation. The mediation that the parties are contemplating is entirely voluntary and driven by the parties themselves – no party is obligated to participate in it, and each party has the right to decide for itself what information it requires or is willing to turn over as a condition to participation. In essence, Blackhawk is demanding that the Court require the State to mediate with Blackhawk immediately, without relevant information.

If Blackhawk does not wish to turn over the data that the State believes is necessary to ensure a productive mediation, it does not have to do so. At this time, Blackhawk is under no obligation to produce the requested data, and likewise the State is under no obligation to enter into mediation with Blackhawk.

*Third*, while the Court need not and should not reach the merits of this illusory dispute, the

State's requests are reasonable and calculated to assist in a productive mediation. The AOD does not render these requests irrelevant, overbroad, or "disproportionate to the needs of the case" (a standard applicable to mandatory Rule 26 discovery, which, again, this is not).

Blackhawk asserts that the AOD bars liability for pre-May 2020 sales of unfinished receivers. However, the AOD pertained only to sales of unfinished receivers for semiautomatic rifles prior to the parties' entry into the AOD in May 2020. Blackhawk argues that an AOD expressly limited to *rifle* frames somehow also barred the State from bringing suit against Blackhawk in relation to *pistol* frames. This argument is incoherent and unsupportable.

Blackhawk further asserts that New York City and State law did not prohibit sales of unfinished frames until 2020 and 2022 respectively, and therefore that sales outside those periods should be deemed barred by the AOD and not subject to discovery. But as the Court is aware from the Motion to Dismiss briefing, the State's claims are not based solely on those laws; rather, the State alleges (and both this Court and the Supreme Court have held) that Blackhawk's products were always "firearms" under federal law.

Blackhawk's interpretation of the AOD is also flawed.  Contrary to Plaintiffs' assertions that "[t]he NYAG's recourse is limited to enforcement of the AOD" or that "Blackhawk's sales were authorized," ECF No. 293 at 1, nothing in the AOD limits the State's ability to seek relief against Blackhawk's shipment of unfinished pistol frames or kits.  In any event, under the plain language of the AOD, the State can sue for "violations of the Assurance." AOD ¶ 16. The State's Second Amended Complaint ("SAC") alleges that Blackhawk engaged in repeated conduct that violated the AOD, which required Blackhawk to halt sales of rifle receivers to New York purchasers. The SAC pleads at least five incidents where law enforcement recovered assault weapons or semiautomatic rifles from people who received shipments from Blackhawk *after* the AOD's effective date. *See* SAC ¶¶ 195, 201, 209, 215, 221-22.

Even if the AOD barred liability against Blackhawk for particular products for certain time periods, that does not mean that Rule 26 discovery into those products (should the State seek such discovery in the future) would be inappropriate or overbroad, or that this is the appropriate time for the Court to make such a determination. Blackhawk may now regret not raising the AOD at any point in the motion to dismiss phase of this litigation, but it did not do so. Blackhawk may choose to raise the AOD at summary judgment and assert that it bars liability, but at this stage it cannot use the unraised argument to limit the scope of discovery.

For these reasons, the State asks that the Court deny Blackhawk's motion for a conference and an order limiting discovery against Blackhawk, and to allow those parties that want to proceed to voluntary mediation to do so on mutually agreeable terms.

Respectfully submitted,

Matthew L. Conrad
Assistant Attorney General