SNELL & WILMER

**V.R. Bohman**
**Partner**
O 702.784.5282
vbohman@swlaw.com

July 1, 2026

Hon. Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street, Room 2510
New York, NY 10007

**Re: *The People of the State of New York v. Arm or Ally, LLC, et al.*, No. 22-cv-06124 (JMF) — Defendant Blackhawk Manufacturing Group, Inc.'s Letter-Motion Regarding Discovery Dispute and Request for Informal Conference**

Dear Judge Furman,

Defendant Blackhawk Manufacturing Group, Inc. ("Blackhawk") respectfully submits this letter-motion under this Court's Individual Rules of Practice 3(D) and Local Civil Rule 37.2, requesting an informal conference to resolve a discovery dispute with the State of New York (the "State"). On April 30, 2026, this Court deferred discovery pending resolution of Defendants' anticipated motion to dismiss, while permitting the State to seek limited preservation-related discovery. (ECF No. 286.) The State has since conditioned its participation in mediation on pre-mediation discovery that would require Blackhawk to produce transactional data for every unfinished frame or receiver sold to New York consumers since June 2016. That scope encompasses years when Blackhawk's sales were authorized under an Assurance of Discontinuance with the NYAG (the "AOD"), or not prohibited by any applicable law. Despite good-faith meet-and-confer efforts to resolve this dispute, the parties remain at an impasse.

## I. Factual Background

In September 2019, the NYAG notified Blackhawk that its sale of unfinished lower receivers—components consumers can assemble into finished rifle receivers—violated New York Executive Law § 63(12) and General Business Law §§ 349 and 350. The parties executed the AOD on May 11, 2020,[1] which the NYAG accepted "in lieu of commencing a statutory proceeding" against Blackhawk. Blackhawk agreed to cease sales of items partially machined "for the purpose of becoming the frame or receiver of a *rifle*." The NYAG's recourse is limited to enforcement of the AOD. Blackhawk fully complied.

The AOD's narrow scope is significant. The NYAG investigated all three Blackhawk websites and the full range of products offered, including unfinished pistol frames. (AOD ¶¶ 1, 7–8.) Yet the NYAG deliberately excluded pistol frames from the AOD and did not object to their continued

[1] Undersigned counsel reviewed the Court's Individual Rules of Practice, which are silent as to whether the three-page limit prescribed therein includes or allows exhibits. Given the centrality of the AOD to understanding this dispute, Blackhawk attaches a true and correct copy as **Exhibit 1** for the Court's convenience and ease of reference.

sale. Unfinished pistol frame sales were not then prohibited under New York law: New York City did not ban them until enacting Administrative Code § 10-314 on February 23, 2020, and New York State did not do so until enacting Penal Law §§ 265.63 and 265.64 on April 26, 2022.

In May 2024, the State served Preliminary Interrogatories pursuant to this Court's order (ECF No. 263), requesting that Blackhawk identify every "Product" sold to New York customers since June 2016. Blackhawk objected on relevance and proportionality grounds and provided information limited to the cognizable scope. The parties met and conferred but did not resolve the dispute. On April 30, 2026, the Court deferred discovery pending Defendants' motion to dismiss but permitted the State to seek limited preservation-related discovery. (ECF No. 286.)

On May 8, 2026, the State proposed pre-mediation discovery as a condition of mediation. Blackhawk desires to participate in mediation. However, the State's proposal requires, in relevant part, completion of the preliminary interrogatories and production of all invoices for products shipped to New York from June 2016 through the present. Blackhawk reasserted its scope objections, but the State refused to engage, explaining only that it "disagree[s] with [Blackhawk's] interpretation of the AOD" and insisting on the same terms for all defendants. The State simultaneously contends that discovery has not formally opened, yet conditions mediation on compliance with discovery demands of a scope the Court has not authorized.

## II. The Court Should Resolve This Dispute Now

Court intervention is warranted. The parties need certainty regarding discovery scope as a precondition to productive mediation. So long as the State insists on discovery that Blackhawk contends exceeds any cognizable claim, mediation cannot proceed on a shared understanding of what is at issue. If the case proceeds past mediation, this scope dispute will arise when full discovery opens, making early resolution the most efficient use of the Court's and the parties' resources. And discovery has already been opened on a limited basis by the Court's April 30 order. The Court's guidance is necessary to ensure that the scope of pre-mediation discovery is appropriate.

## III. Discovery Should Be Limited to Claims on Which the State Can Establish Liability

Discovery must be relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Three independent grounds demonstrate that the State cannot establish liability for the vast majority of the sales data it demands.

### 1. The AOD expressly bars liability for pre-May 2020 sales of unfinished receivers

The AOD was accepted by the NYAG "in lieu of commencing a statutory proceeding" based on the same conduct at issue here. Its remedial provisions limited the NYAG's recourse to enforcement of the AOD. Blackhawk fully complied. Discovery of pre-May 2020 receiver sales—transactions the AOD already resolved—is irrelevant to any cognizable claim.

In addition, the NYAG knew Blackhawk sold unfinished pistol frames yet deliberately excluded them from the AOD. Having elected not to address those sales when it had full knowledge of them, the State cannot now reach back years before the AOD to pursue liability for them. Blackhawk reasonably relied on the NYAG's decision not to restrict pistol frame sales as an indication that such sales were lawful. *See United States v. Miles*, 748 F.3d 485, 489 (2d Cir. 2014) (entrapment-by-estoppel defense).

**2. State and City law did not prohibit sales of unfinished frames until 2020 and 2022, respectively**

New York City banned unfinished frame sales in February 2020—three months before the AOD was executed. The AOD's preclusive effect should extend to this period too, given that the NYAG was contemporaneously negotiating the AOD and chose not to restrict pistol frames. At most, February 2020 represents the earliest arguable date of liability for New York City sales. For New York State, liability cannot predate April 2022, when Penal Law §§ 265.63 and 265.64 took effect. Discovery into sales that were lawful when they occurred serves no legitimate purpose.

**3. Proportionality independently requires narrowing the scope**

Proportionality independently compels a narrower scope. "[T]he further away in time one gets from [the relevant event], the burden and/or expense of the proposed discovery outweighs its likely benefit." *Republic of Turkey v. Christie's, Inc.*, 312 F. Supp. 3d 385, 389 (S.D.N.Y. 2018). The cognizable transactions involve a small number of sales generating less than $5,000 in revenue. The State's demand for a decade of transactional data—the vast majority of which has no bearing on any viable claim—is disproportionate to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1).

**IV. Conclusion**

For these reasons, Blackhawk respectfully requests an informal conference and an order limiting discovery of Blackhawk's sales to: (1) sales of unfinished pistol frames to New York City customers from May 11, 2020 to present; and (2) sales of unfinished pistol frames to customers elsewhere in New York State from April 26, 2022 to present. The timing issue raised here is unique to Blackhawk among the defendants, and resolving it now will enable productive mediation and conserve the Court's and the parties' resources.

Respectfully Submitted,

Snell & Wilmer

/s/ *V.R. Bohman*

V.R. Bohman

The Court intimates no views on the merits of the parties' arguments at this time. Instead, Blackhawk's letter motion is DENIED substantially for the first two reasons offered by the State in its response. See ECF No. 294, at 2. That said, the Court firmly believes that Blackhawk and the State can and should reach agreement on the scope of voluntary disclosures that would enable the mediation to proceed. The Clerk of Court is directed to terminate ECF No. 293.

SO ORDERED.

July 7, 2026